DENNIS NOONAN, Respondent, *v.* THE CITY OF ALBANY, Appellant.

A municipal corporation has no greater right than an individual to collect the surface-water from its lands and streets into an artificial channel, and to discharge them upon the lands of another.

The right of a riparian proprietor to drain the surface-water on his lands into a stream which flows through them, is not an absolute one under all circumstances; it does not authorize the throwing into a small stream surface-water, by means of ditches and drains, when, by so doing, the stream will be filled beyond its natural capacity, will overflow and flood the lands of a lower proprietor.

Defendant, by means of sewers and the manner of grading of one of its streets, concentrated the surface-water and sewage of a large territory and discharged it in one body into a ravine. A small rivulet formerly ran down through this ravine. Defendant, with the consent of the proprietors, had changed this water-course by constructing a box-drain two or three feet square in its place. The water discharged, as aforesaid, into the ravine, passed over ground, used as a dumping place for refuse, and then down the ravine into the box-drain, and having no sufficient outlet flooded plaintiff's premises below and deposited thereon the filth carried by the sewers, and the sand and dirt washed down from the dumping ground. It did not appear that defendant owned any of the lands between the sewer and the water-course. In an action to recover the damages, *held,* that the facts established *prima facie* a cause of action; and that they justified a submission of the case to the jury.

It appeared that the box-drain was obstructed below plaintiff's premises, so that the water and sewage were prevented from passing therein, as it otherwise would; it did not appear that this was attributable to any act of plaintiff's, or for which he was responsible; he had no control over the drain below his premises. *Held,* that this did not constitute a defense; that plaintiff was not bound to protect himself from the illegal act of the defendant by removing or causing the removal of the obstruction.

*Waffle* v. *N. Y. C. and H. R. R. R. Co.* (53 N. Y., 11), distinguished

(Argued December 18, 1879; decided January 13, 1880.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, in favor of plaintiff, entered upon an order denying a motion for a new trial, and directing judgment on a verdict.

This action was brought to recover damages to plaintiff's premises, situate in the city of Albany, alleged to have been

caused by water, dirt and filth thrown and deposited thereon by the unlawful acts of defendant.

The facts appear sufficiently in the opinion.

*R. W. Peckham*, for appellant.   Defendant had a right to drain the lands and streets drained by the sewer in the stream, if it was a natural water-course, and is not liable to plaintiff for damage caused by any increase in the amount of water thrown into said stream by such drainage. (*Wagner* v. *R. R. Co.*, 2 Hun, 633, 636; *Waffle* v. *N. Y. C. R. R. Co.*, 58 Barb., 413; affid., 53 N. Y., 11–13; *Foot* v. *Bronson*, 4 Lans., 47; *Waffle* v. *Porter*, 61 Barb., 130–134; Angel on Water-courses [6th ed.], §§ 108–108s.)

*E. Countryman*, for respondent.   Defendant is liable for the injury caused by the Lark street sewer to the property of the plaintiff. (*Conrod* v. *Ithaca*, 16 N. Y., 159; *Hickok* v. *Plattsburgh*, 16 id., 161–172; *Hutson* v. *Mayor, etc., N. Y.*, 9 id., 163; *Davenport* v. *Ruckman*, 37 id., 568; *Storrs* v. *Utica*, 17 id., 104; *Requa* v. *Rochester*, 45 id., 129; *Laour* v. *New York*, 3 Duer, 406; *Mayor* v. *Bailey*, 2 Den., 433; *Barnes* v. *Dist. Col.*, 1 Otto, 540; *Wightman* v. *Washington*, 1 Black., 39; *Jones* v. *New Haven*, 34 Conn., 1, 14; *Pittsburgh* v. *Grier*, 22 Penn., 54; *Bowning* v. *Springfield*, 17 Ill., 143; *Nevins* v. *Peoria*, 41 id., 506; *Springfield* v. *Le Claire*, 49 id., 474; *Aurora* v. *Reed*, 57 id., 29; *Pekin* v. *Brereton*, 67 id., 477; *Cotes* v. *Davenport*, 9 Iowa, 227; *Dayton* v. *St. Joseph*, 51 Mo., 570; *Mayor* v. *Henly*, 2 Clk. & Fin., 331; *Mersey Docks* v. *Gibbs*, L. R. [1 H. L.], 93; *Pendleburg* v. *Greenhalgh*, L. R. [1 Q. B. Div.], 36; *Bathurst* v. *McPherson*, L. R. [4 Ap. Cas.], 256.) The corporation is bound, even when acting for the public safety, to exercise its legitimate powers with the requisite care and skill to avoid unnecessary injury to individuals or their property. (*Babcock* v. *Buffalo*, 1 Shel., 317; 56 N. Y., 268; *Hicks* v. *Dorn*, 42 id., 47, 53; *Russell* v. *Mayor*, 2 Den., 461, 475; *Donohue* v. *Mayor*, 3 Daly, 65, 68; *Shepard* v.

*People*, 40 Mich., 487, 492; *Brightman* v. *Bristol*, 65 Maine, 426.) A municipal corporation is not exempted from responsibility, where the injury is accomplished by a corporate act, which is in the nature of a trespass upon him. (*Ashley* v. *Port Huron*, 35 Mich., 296–301; *Thayer* v. *Boston*, 19 Pick., 511; *Lawrence* v. *Fairhaven*, 5 Gray, 110; *Perry* v. *Worcester*, 6 id., 544; *Lee* v. *Sandy Hill*, 40 N. Y., 442; *Babcock* v. *Buffalo*, 56 id., 268; *Howell* v. *Buffalo*, 15 id., 512–519; *Boom* v. *Utica*, 2 Barb., 104–110; *Clark* v. *Mayor*, 13 id., 32; *Gilman* v. *Laconia*, 55 N. H., 130; *Inman* v. *Tripp*, 11 R. I., 520; *St. Peter* v. *Denison*, 58 N. Y., 416; *Hay* v. *Cohoes Company*, 2 id., 159; *Spencer* v. *Hartford, etc., R. R. Co.*, 10 R. I., 14; *Murphy* v. *Lowell*, 124 Mass., 564, 565; *Pettigrew* v. *Evansville*, 25 Wis., 223; *Hendershott* v. *Ottumwa*, 46 Iowa, 658.) The deprivation of the plaintiff of the beneficial use and enjoyment of his premises, by the act of the city authorities, was an appropriation of private property to public use, without compensation, within the prohibition of the constitution, and therefore illegal. (*Babcock* v. *Buffalo*, 1 Shel., 317; 56 N. Y., 268; *Pumpelly* v. *Green Bay Co.*, 13 Wall., 166; *Nevins* v. *Peoria*, 41 Ill., 503; *Shawneetown* v. *Mason*, 82 id., 337; *Columbus* v. *Woolen Mills*, 33 Ind., 435, 438; *Thurston* v. *St. Joseph*, 51 Mo., 511; *Inman* v. *Tripp*, 11 R. I., 520, 525; *Pettigrew* v. *Evansville*, 25 Wis., 223; *In re Cheeseborough*, 8 N. R. Wkly. Dig., 534; *People ex rel. Williams* v. *Hails*, 49 N. Y., 587, 590; *Eaton* v. *B. C. and M. R. Co.*, 51 N. H., 504; *Gardner* v. *Newburgh*, 2 Johns. Chy., 162; *Linnickson* v. *Johnson*, 17 N. J. L., 129.) A municipal corporation cannot by any means, or in any manner, create with impunity a public or private nuisance. (Hale's Portibus Maris [Hargrave's Law Tracts], 85; *Nichols* v. *Boston*, 98 Mass., 39; *Haskell* v. *New Bedford*, 108 id., 208–215; *Mootry* v. *Danbury*, 45 Conn., 550; *Nevins* v. *Peoria*, 41 Ill., 504; *Jacksonville* v. *Lambert*, 62 id., 519; *Babcock* v. *Buffalo*, 1 Shel., 317; 56 N. Y., 268; *Francis* v. *Schoellkoph*, 53 id., 152; *Jutte* v. *Hughes*, 67 id., 268; *Franklin*

*Wharf* v *Portland*, 67 Maine, 46; *Bathurst* v *McPherson*, L. R. [4 Ap. Cas.], 256, 267.) A municipal corporation is not bound to furnish facilities to property owners for drainage, either of surface-water or sewage, not caused by its own acts to flow or to accumulate on their lots, but after deciding to undertake their construction the corporation acts ministerially, and is liable for any special injury sustained by others from the negligent or unskillful exercise of its authority in the construction of drains or sewers, or the failure to keep them in good repair. (*Rochester White Lead Co.* v. *Rochester*, 3 N. Y., 464; *Barton* v. *Syracuse*, 37 Barb., 292, 595; 36 N. Y., 54; *Nims* v. *Troy*, 59 id., 500–508; *McCarthey* v. *Syracuse*, 46 id., 194–196; *Lewensthal* v. *New York*, 61 Barb., 511; *Donohue* v. *New York*, 3 Daly, 65; *Reeves* v. *Toronto*, 21 N. C. [Q. B.], 157; *Clark* v. *Peckham, Treas.*, 9 R. I., 455, 458; *Dixon* v. *Baker*, 65 Ill., 518, 521; *Loganport* v. *Wright*, 25 Ind., 513.) If negligent, the municipality is liable to the same extent as any other corporation, or a public officer, or an individual for a similar injury. (*Bastable* v. *Syracuse*, 8 Hun, 587, 592; *Hickok* v. *Plattsburgh*, 16 N. Y., 161; *Robinson* v. *Chamberlain*, 34 id., 389–395; *Clark* v. *Peckham*, 9 R. I., 455–472; *Moran* v. *McClearns*, 63 Barb., 195, 198; *New York* v. *Furse*, 3 Hill, 612–615; *Rochester White Lead Co.* v. *Rochester*, 3 N. Y., 464, 469; *Babcock* v. *Buffalo*, 1 Shel., 317; 56 N. Y., 268; *Dixon* v. *Baker*, 65 Ill., 518–521; *Indianapolis* v. *Huffer*, 30 Ind., 235; *Barnes* v. *Columbia*, 1 Otto, 540, 551, 556.) The common council having decided to exercise the power conferred, and undertaken to build the sewers, was bound to bestow such care and skill that they should not become a nuisance to the property of persons residing in the neighborhood, or to other portions of the city. (*Rochester White Lead Co.* v. *Rochester*, 3 N. Y., 464, 469; *Donohue* v. *Mayor*, 3 Daly, 65, 68; *Boston* v. *Syracuse*, 37 Barb., 295, 296; 36 N. Y., 54, 55; *Nims* v. *Troy*, 59, id., 500–508; *Clark* v *Peckham*, 9 R. I., 455, 460; *Indianapolis* v. *Huffer*, 30 Ind., 235; *Attorney-*

*Gen'l* v. *Leeds,* L. R. [5 Chy. Ap.], 583; *Attorney-Gen'l* v. *Birmingham,* 4 Kay. & J., 528.) The city was clearly bound, if it undertook to construct the sewers, to see that they discharged their contents in such a manner as to carry them safely past the plaintiff's property. (*Lewenthall* v. *Mayor of New York,* 61 Barb., 511; *Woodward* v. *City of Worcester,* 121 Mass., 245; *Ruck* v. *Williams,* 3 Hurl. & Nor., 308.) It was palpable negligence on the part of the city to allow the mouth of the sewer to become obstructed by the dumping and filling. (*Child* v. *City of Boston,* 4 Allen, 41; *Barnes* v. *District of Columbia,* 1 Otto, 540, 566.) The city had no right to discharge the public sewers into a private watercourse. (*Canal Proprietors* v. *City of Lowell,* 7 Gray, 223; *City of Columbus* v. *Woolen Co.,* 33 Ind., 535; *O'Brien* v. *City of St. Paul,* 18 Minn., 176; *Cone* v. *City of Hartford,* 28 Conn., 363; *Attorney-Gen'l* v. *City of Birmingham,* 4 Kay & J., 528; *Matter of Rhinelander,* 68 N. Y., 105, 107; *People* v. *Haines,* 49 id., 587, 590.) It is immaterial whether the contents f the sewer were discharged and deposited directly on the plaintiff's premises, or at such a point that the sewage and other refuse, taken along with it, must necessarily be carried there by a conduit or by gravitation. (*Sleight* v. *City of Kingston,* 11 Hun, 594, 596; *Moran* v. *McClearns,* 63 Barb., 185; *Woodward* v. *City of Worcester,* 121 Mass., 245, 248; *City of Aurora* v. *Reed,* 57 Ill., 29, 32; *City of Jacksonville* v. *Lambert,* 62 id., 519; *Inman* v. *Tripp,* 11 R. I., 520, 523; *Clark* v. *Peckham,* 9 id., 455, 472; *Pettigrew* v. *Evansville,* 25 Wis., 236; *Henderschote* v. *Ottumwa,* 46 Iowa, 658.) Where the sewage and filth are accumulated, and the nuisance is created by the sole act of the city, causing special injury to private property, the ordinary rule does not apply, and the city itself is bound to afford the requisite facilities for drainage. (*Byrnes* v. *City of Cohoes,* 67 N. Y., 205; *Donohue* v. *Mayor of New York,* 3 Daly, 65, 68; *City of Aurora* v. *Reed,* 57 Ill., 30; *City of Dixon,* v. *Baker,* 65 id., 518; *Van Pelt* v. *City of Davenport,* 42 Iowa, 308; *Ross* v. *City of Clinton,* 46 id.,

606; *Sleight* v. *City of Kingston*, 11 Hun, 594; *Bradt* v. *City of Albany*, 5 id., 591; *Donohue* v. *Mayor of New York*, 3 Daly, 65; *Barrow* v. *City of Baltimore*, 2 Amer. Jur., 203; *Canal Proprietors* v. *City of Lowell*, 7 Gray, 223; *Haskell* v. *City of New Bedford*, 108 Mass., 208, 226; *Brayton* v. *City of Fall River*, 113 id., 218; *Boston Mills* v. *City of Cambridge*, 117 id., 396; *Woodward* v. *City of Worcester*, 121 id., 245, 248; *Richardson* v. *City of Boston*, 19 How. [U. S.], 263, 270; *Franklin Wharf* v. *City of Portland*, 67 Me., 46; *Rowe* v. *City of Portsmouth*, 56 N. H., 291; *Clark* v. *Peckham, Treas.*, 9 R. I., 455, 472; *Ashley* v. *City of Port Huron*, 35 Mich., 296; *City of Jacksonville* v. *Lambert*, 62 Ill., 519; *Elgin Co.* v. *City of Elgin*, 74 id., 433; *City of Columbus* v. *Woolen Co.*, 33 Ind., 435; *City of Indianapolis* v. *Lawyer*, 38 id., 348, 369; *O'Brien* v. *City of St. Paul*, 18 Minn., 176; *South Bridge Co.* v. *Southhamton*, 8 El. & Bl., 801; 92 Eng. Com. Law R., 800; *Ruck* v. *Williams*, 3 Hurl. & Nor., 308; *Coe* v. *Wise*, L. R. [1 Q. B.], 711.) Surface-water, which formerly flowed through no defined channels, cannot be collected, by means of drains or ditches, or otherwise, into a single stream and discharged upon the lands of another. (*Bastable* v. *City of Syracuse*, 8 Hun, 587; 72 N. Y., 64; *Byrnes* v. *City of Cohoes*, 5 Hun, 602; 67 N. Y., 204; *Jutte* v. *Hughes*, 67 id., 268, 272; *Moran* v. *McClearns*, 63 Barb., 185, 198; *Foot* v. *Bronson*, 4 Lans., 47, 51; *Moran* v. *McClearns*, 63 Barb., 185, 196; *Waffle* v. *N. Y. C. R. R. Co.*, 58 id., 413; 53 N. Y., 11, 13; *Jutte* v. *Hughes*, 67 id., 268, 272; *Brayton* v. *City of Fall River*, 113 Mass., 208, 206; *Attorney-General* v. *Leeds*, L. R. [5 Chan. Ap.], 583.) The court properly charged that the plaintiff was under no obligation to drain off the sewage and water thrown upon his premises by the acts of the defendant. (*Goodale* v. *Tuttle*, 29 N. Y., 459, 466; *Rose* v. *N. Y. Gas-Light Co.*, 8 N. Y. Week. Dig., 463.)

ANDREWS, J. The defendant by means of the Lark street and connecting sewers, and the manner of grading Colonie

street, concentrated the surface-water and sewage of a large territory, and discharged it in one body at the junction of Lark and Colonie streets into a ravine. It passed after its discharge over ground used as a dumping place for refuse, and down the declivity, until it reached the valley, or bed of the ravine, and flowing easterly, reached the premises of the plaintiff, and having no sufficient outlet, flooded the plaintiff's lot, and deposited thereon the filth carried by the sewers, and the sand and dirt washed down by the water as it passed over the dumping ground. This *prima facie* established a right of action in the plaintiff. A municipal corporation has no greater right than an individual to collect the surface-water from its lands or streets into an artificial channel, and discharge it upon the lands of another, nor has it any immunity from legal responsibility for creating or maintaining nuisances. (*Weet* v. *Village of Brockport*, 16 N. Y., 172, note; *Byrnes* v. *City of Cohoes*, 67 id., 204; *Haskell* v. *City of New Bedford*, 108 Mass., 208; *Attorney-General* v. *Leeds Corporation*, L. R. [5 Chy. App. Cas.], 583.)

The defendant sought to defend the injury to the plaintiff on two grounds, *first*, that it had the legal right to drain into a stream which flowed through the bed of the ravine across the plaintiff's land without responsibility for consequential injuries resulting to the plaintiff from such drainage, and that the water and sewage which flooded the plaintiff's premises were discharged into this stream, and *second*, that the injury was attributable to an obstruction of the channel of the stream below the plaintiff's lot, which prevented the water and sewage from passing therein, as it otherwise would have done. In support of the first proposition the defendant's counsel relies upon the decision of this court in *Waffle* v. *The New York Central Railroad Company* (53 N. Y., 11), in which it was held that the owner of lands upon a natural water-course, may collect, by means of ditches, the surplus water on his premises, and discharge it into the stream, although by so doing the flow of water therein at some seasons may be increased, and at other times, at

periods of low water, by reason of the more rapid drainage, may be diminished, to the detriment of a mill-owner below. The right of a riparian owner to drain the surface-water on his lands into a stream which flows through them, and which is its natural outlet is an incident to his right as riparian owner to the reasonable use of the stream. But this right is not, we conceive, an absolute right under all circumstances, irrespective of the size of the stream, or the natural purpose which it subserves, to throw into it, surface-water by means of ditches or drains, when by so doing it will be filled beyond its natural capacity, and overflow and flood the lands of a lower proprietor. The stream into which the sewage and water collected by the defendant found its way, was a mere rivulet of water, the outlet of springs at the head of the ravine. It may also before the sewers were built, or Colonie street was graded, have received a portion of the surface-water from the territory drained thereby. But at that time the surface-water had no defined channel. It was subject to be disposed of by the ordinary processes of nature. Absorption and evaporation would diminish the amount which otherwise might have found its way to the valley, and the discharge into the stream of the portion not otherwise disposed of would naturally be gradual, and reach it at different points in its course. It does not appear that the city owned any of the land between the sewer and the water-course, but it had with the consent of the property owners changed the water-course from its natural condition, and constructed a box-drain two or three feet square in its place. In view of the character and capacity of this water-course, it cannot we think be held as matter of law that there was the right in the city to discharge into the stream the water from Colonie street, and from the Lark street sewer, although by so doing it would flood the premises of the plaintiff. It follows that the first request to charge, was properly refused. The request assumes that the city using reasonable care, had the absolute right to drain into the water-course in question, irrespective of the capacity of the stream or the amount

of water discharged into it, and the court was requested to instruct the jury that it was not liable "for any damage caused by *any increase* in the amount of water thrown into the stream by such drainage."

The second ground upon which the reversal of the judgment is sought, is also we think untenable. The obstruction to the *creek-drain*, so called, was not so far as the evidence shows attributable to any act of the plaintiff, or any act for which he was responsible. The filth and material carried into it by the sewers, may and doubtless did contribute to choke and fill it. The plaintiff had no control over the drain below his premises. He was not bound to protect himself against the consequence of the illegal act of the defendant, by removing, or causing the removal of the obstruction. The casting on the plaintiff's premises of the filth from the sewers, was a nuisance, and the defendant was bound to abate it. Because the injury complained of would not have happened, or would have been diminished if the creek-drain had been unobstructed, does not relieve the defendant from legal responsibility.

We think the case was fairly presented to the jury, and that the judgment should be affirmed.

All concur.

Judgment affirmed.