Westbrook, J.
The case of the plaintiffs may be thus briefly stated : The defendant, by the grading of streets and the construction of sewers, gathers the surface water and the sewage from a considerable territory, and through a sewer discharges them upon the premises of the plaintiffs. The plaintiffs ask that defendant be enjoined from continuing the *43 discharge and deposit of the filth of a city neighborhood upon their property.
In Noonan agt. The City of Albany, which was an action to recover damages for perpetrating a similar nuisance upon the lands of the plaintiff situated in the same locality with those of the present plaintiffs, and tried at the Albany circuit, held in March, 1878, by the judge writing this opinion, it was upon the trial decided that the city of Albany was liable for the injury done to the property of the plaintiff in that action by the emptying upon it of water and sewage by means of the identical sewer and grading of which the plaintiffs in the present action complain. 'The recovery of $1,500 as damages by the plaintiff in that action was sustained both at general term and in the court of appeals (79 N. Y., 470). In the latter court (page 478) it was said: “ The casting on the plaintiff’s premises of the filth from the sewers was a nuisance, and the defendant was bound to abate it.” As this remark was made of and concerning the same sewers and grading of which the present plaintiffs complain, the defendant is liable to them also for the same “ nuisance,” and can by them likewise be called upon “to abate it” unless there is some reason which takes this case out of the rule laid down in the other.
The counsel for the defendant claims that there has been a dedication of the lands of the plaintiffs to the public for the purpose of depositing filth and sewage, and that they have expressly assented to the acts complained of by paying an assessment for the construction of a sewer which assists in the emptying of sewage upon their land. The dedication consists in the ownership of lands which are so situated as to receive the water and sewage the defendant casts upon it. The complaint avers, and this fact is undenied, that the plaintiffs have again and again protested to the defendant against its acts, of which they now complain, but have not until now brought an action to recover compensation for, or to restrain the nuisance which their papers in this case show. It would be difficult to find a dedication of land for the maintenance of a nuisance, *44 if such a thing he possible, while the owners are continually declaring a contrary intent; and it would be equally difficult to establish the right to continue a nuisance by user because no user will legalize a nuisance, and also because the acts which plaintiffs allege principally caused the injuries — the grading of Colonie street and the construction of the sewer in Lark street, with which other sewers or drains were subsequently connected—• were committed during, and subsequent to, the year 1871, a period of less than twenty years. As to the payment of an assessment by the plaintiffs to construct a sewer, which the defendant had a right to construct and which the plaintiffs had reason to suppose would be emptied when completed where it would be lawful to empty it, it is not seen how that can be tortured into an assent by the plaintiffs to the commission of a wrong upon them by the defendant.
It was also contended by the defendant that because many of the owners of the premises, which are drained upon the plaintiffs’ lands, hold under deeds derived from the plaintiffs or their ancestors, the natural fiowage from which premises are upon those of the plaintiffs, therefore the defendant may empty the sewers which drain those, and also other premises, upon the plaintiffs’. It is difficult to see how the rights of other individuals to do acts upon the lands of the plaintiffs can aid the defendant to do that which it has no right to do; and it cannot be held to be the law that, because the grantee of premises has by necessity a right of drainage through those of his grantor, or to permit a natural fiowage from his premises upon those of his grantor, that such right covers and includes the privilege of gathering into an artificial sluice-way or sewer all the filth and nastiness of his own premises, and discharging and emptying it in one great volume upon the land of his grantor. The right of drainage by and through a pipe or sewer, over or across one’s premises, or to allow water to flow in its natural and usual channels upon it is one thing, and the right of deposit upon the same premises, of filth through an artificial channel constructed for that purpose, so *45 as to create and maintain a nuisance thereon is quite a different thing. It is of the latter and not of the former of which the plaintiffs complain; and they complain not against those who suppose they have rights derived from them, but against a municipality which has neither direct nor implied authority to do what is sought to be enjoined.
The plaintiffs are clearly entitled to their temporary injunction, but as the granting thereof, to take effect immediately, would work serious injury to the public, it will issue to take effect upon a future day to be designated in the order.
Obviously, the defendant should extend its sewers so as to carry their discharge to a proper place of deposit. The maintenance of the nuisance upon the premises of the plaintiffs, which the papers disclose, is both a private and a public grievance which should not be continued. The order will be settled on notice and is granted, with ten dollars costs to the plaintiffs if they succeed in the action.