JACOB W. MITCHELL, RESPONDENT, *v.* THE NEW YORK, LAKE ERIE AND WESTERN RAILROAD COMPANY, APPELLANT.

*Diversion of surface water — damages are recoverable by one on whose land it is discharged.*

The defendant, a railroad company, having, by the erection of an embankment at the mouth of a creek, prevented the surface water from passing below the railroad as it had formerly flowed, opened a ditch along the embankment upon its own land, and discharged the water to the south-east of the plaintiff's land. By the failure of the defendant to keep the ditch open, the water accumulated and flowed upon the plaintiff's land.

*Held,* that the defendant was liable for the damages thereby occasioned.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

The action was brought to recover damages for injuries occasioned by the flooding of the plaintiff's lands by water alleged to have been unlawfully diverted from its natural channel by the defendant.

*E. F. Babcock,* for the appellant.

*S. S. Taylor,* for the respondent.

BOARDMAN, J. :

It is open to doubt whether the learned judge at the circuit was correct in holding as a question of law that Dry Brook was not a natural stream or water course. (*Vernum v. Wheeler,* 35 Hun, 53, and cases cited; Wash. on Easm. [2d ed.], 436, * 362, and cases there cited.) But that ruling is not before us for review on this appeal.

The evidence tends to show the following facts very briefly stated. The railroad company erected an embankment near the mouth of Dry Brook, whereby the surface waters were prevented from passing below the railroad, as they had before done. It then opened a ditch to carry said waters along the upper side of the railroad to the south-east along the side of its track and on its own land, to a point below the plaintiff's land, which was adjoining. For a series of years this ditch was kept open and the waters dis-

charged through it without unnecessary injury to plaintiff. But after 1877 the defendant failed to keep open the ditch, whereby the water was accumulated in unusual quantities in a depression of the surface of the ground, and by reason thereof overflowed the plaintiff's land, causing the injury for which this action is brought. This act resulted in carrying surface waters by a ditch, and by its failure to keep the ditch open discharging an unusual and unnatural quantity of water upon the plaintiff's land.

The facts, being conceded to be as the proofs tended to show, bring the case within those decisions forbidding such interference with the flow of surface water to the detriment of others. ANDREWS, J., in *Barkley* v. *Wilcox* (86 N. Y., 147), says the owner of land may "get rid of it (surface water) in any way he can, provided only that he does not cast it by drains or ditches upon the land of his neighbor" To the same effect is *Noonan* v. *City of Albany* (79 N. Y., 470); *Jutte* v. *Hughes* (67 id., 267); *Vanderwiele* v. *Taylor* (65 id., 341); *Saal* v. *Abeles* (20 Weekly Dig., 528).

The same principle applies to highway officers who stop up culverts and carry the surface water upon the upper side of a highway for some distance, and then through a culvert discharge the same in unnatural and unusual quantities upon the lower proprietor to his injury. (*Moran* v. *McClearns*, 63 Barb., 185.)

The jury has found that defendant has, by artificial channels, discharged an unnatural quantity of water upon the plaintiff's land, by reason of its negligence in not keeping such channel open and conducting the water, as it had formerly done, away from the plaintiff upon its own land.

When a corporation or individual attempts by artificial means to interfere with the natural action of water to serve its or his own purposes, he must see to it that it shall be done in such a way as shall not unnecessarily do an injury to his neighbor.

For the reasons so well stated in the opinion of the judge below on the motion for a new trial, we think the submission to the jury was proper and its verdict is conclusive upon us. (See, also, 19 Am. Law Rev., 291, and cases cited.)

The judgment and order are affirmed, with costs.

HARDIN, P. J., concurred; FOLLETT, J., not sitting.

Judgment and order affirmed, with costs.