Smith, P. J.
— The action w-'as brought to recover damages for the pollution and increase of flow of water and sewage in a natural stream running along the west and north boundaries of plaintiff’s premises, by reason of the construction and use by the city of a sew-er called the Norttt *854 Avenue outlet sewer, emptying into said stream, and for a perpetual injunction against the continuance thereof.
The facts that the defendant is chargeable with the acts complained of, and that they constitute a nuisance for which the defendant is hable to the plaintiff in damages, were adjudged' in a previous action brought by the plaintiff against the defendant to recover damages for the same alleged nuisance. That action resulted in a verdict and judgment for the plaintiff, which was subsequently affirmed by this court upon the authority of the case of Hooker v. The City of Rochester (37 Hun, 181). That was an action for like damages sustained from the same cause by the owner of other lands upon the same stream.
The matter presented by this appeal is, therefore, res adjudiccita, except the question whether the plaintiff is entitled to the injunction awarded by the judgment. It is found by the trial court, upon ample evidence, that the outlet sewer in question drains a large and densely populated territory in the north-eastern part of the city of Rochester; that the defendant has turned into it, and permitted to be turned and carried into it, a steady and increasing flow of sewage, including contents of water closets and urinals, constantly increasing in number, and the amount of offensive _ matter discharged, and the number of sewers draining into said outlet is constantly increasing; that by reason of said artificial discharge of said sewage into said stream its waters have been made foul, and on its banks have been lodged decaying animal, vegetable and fecal matters, brought down and left upon and near the plaintiff’s premises, emitting foul and noxious gases and odors, whereby the comfort and enjoyment of the "plaintiff’s dwelling-house has been greatly impaired; his premises have been rendered unfit for habitation, and the health of himself and his family has been endangered and enfeebled. It is also found that said sewage, percolating through the soil, has entirely destroyed a well on the plaintiff’s premises, and rendered another substantially unfit for use.
No discussion is needed to show the jurisdiction of a court of equity, and the propriety of exercising it to restrain by injunction the continuance of a nuisance productive of injury so substantial as that found in this case, and which threatens to be not only continuous, but continually increas-' ing; especially where its character as a nuisance “has been settled by a verdict. Kerr on Injunctions, p. 394, §§ 35 and 36, and cases cited in notes; Campbell v. Seaman, 62 N. Y., 568; Michel v. Supervisors of Monroe County, 39 Hun, 47.
The fact that the defendant is a municipal corporation, affords it no immunity other than would be accorded to an individual in a like case (Noonan v. City of Albany, 79 *855 N. Y., 470, and cases cited by Earl, J., p. 476; Hooker v. City of Rochester, supra), and it may be restrained by injunction from creating or continuing a nuisance productive of irreparable injury. Brower v. The Mayor, etc., of New York, 3 Barb., 254; The People ex rel. Negus v. Dwyer, 90 N. Y., 402; Johnson v. The City of Rochester, 13 Hun, 285; Beach v. The City of Elmira, 22 id., 158.
The judgment appealed from, by its terms, was not to take effect until six months after notice of its entry. The evident object of the provision was to give the defendant a reasonable time to provide some other outlet for its sewers before the injunction should operate. Whether it has delayed making such provision until the result of its appeal should be known, we are not informed; but lest that may be the case, we think it judicious, in view' of the public interests involved, to provide, in affirming the judgment, that the defendant have leave to apply at special term on notice for an extension of such time if it shall be advised to do so.
The judgment should be affirmed with such leave, etc., with costs.
Haight and Bradley, JJ., concur; Barker, J., not voting.