■ WOLFERTS ROOST, INC., Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 35359.) — Appeal by the State of New York from a judgment of the Court of Claims for damages alleged to have been caused by certain drainage facilities constructed and maintained by it in connection with a State highway in the Town of Colonie known as Route 9. Claimant, a country club, has owned and operated for many years a private golf course abutting the public highway, the contour of which sloped generally to the east. Since 1928 the State has maintained a culvert placed under the public highway which drained surface water from its sides and the adjacent upland on the west and discharged it upon claimant's bordering land. About 1931 claimant noted wetness in the vicinity of the fairway of the hole of the course nearest the culvert to alleviate which it ran an underground drainpipe from a point in the nearby rough easterly and downgrade to an outlet located somewhat beyond the fairway of the course's 11th hole. In 1947 the club sold a parcel of land immediately opposite the culvert. Under the house thereafter constructed thereon a drainpipe was laid connecting the State's culvert with the open intake of claimant's existing pipe. This resulted in tripling the flow of the water and the deposit of debris of various kinds upon claimant's property in the vicinity of the outlet of its drain. The record does not disclose the identity of the person who installed the connecting main but it seems to be agreed that neither the State nor the claimant did so. On March 5, 1956 following a heavy rainstorm a section of claimant's pipe broke due in the opinion of an expert witness to hydrostatic pressure generated by a plug in the line and caused damages in the stipulated amount of $2,813.95. The State seeks to escape liability principally upon the contention

that there was no evidence to associate its employees with the laying of the pipe linking its culvert and catch basin with claimant's drainage system. We think this position untenable. It is undisputed that for many years prior to 1956 the State had actual knowledge that the connection had been installed and that thereby it was collecting surface water from the highway and discharging it by means of an artificial channel upon the lands of claimant. In these circumstances the law would impose legal responsibility for the resulting damages upon an individual and the State has no greater immunity. (*Noonan* v. *City of Albany*, 79 N. Y. 470; *Kerhonkson Lodge* v. *State of New York*, 4 A D 2d 575; *McCormick* v. *State of New York*, 289 N. Y. 572.) Judgment affirmed, with costs. Bergan, P. J., Gibson, Reynolds and Taylor, JJ., concur; Herlihy, J., dissents, in the following memorandum, and votes to reverse the judgment and dismiss the claim: The State of New York installed the culvert under Route 9 in 1928 and there is no evidence in this record that it was changed as to type, dimensions or elevation from that time until the date of the alleged drainage accident on March 5, 1956. Aside from installing a new top on the catch basin, the record discloses that some unknown person attached a pipe to the easterly end of the culvert, presumably on the State's right of way, at about the time the claimant sold some of its property to one Hoertz. Apparently the pipe was the beginning of a drainage line over this property and onto the property of the claimant where it connected with a pipeline of the claimant which had been constructed for drainage of its property. It is academic that the combined drainage from both lines increased the flow but the record discloses no increase in the amount of drainage through the culvert of the State. It is quite apparent from this record that the damage occurred as a result of the action of Hoertz and the claimant and that the only possible charge against the State was that it acquiesced in having the pipe connected to the culvert. The State had no control over the underground system of pipe drainage and the fact that its engineers gave advice and counsel to the claimant with reference to its drainage system, under the circumstances herein, was no admission of liability. It would be difficult to establish any degree of negligence against the State but assuming the record permits such inference, the act of the claimant in allowing the underground hookup of additional drainage into its pipes on its property constituted contributory negligence and would be sufficient to bar a recovery. The record herein is based almost entirely on surmise, speculation and conjecture and in many instances does not support the findings of fact made below. I would reverse the judgment and dismiss the claim.