■ LENA ZARIN, Respondent, v. SULLIVAN COUNTY HARNESS RACING ASSO-ciation et al., Appellants.—Appeal by defendants from a judgment of the Supreme Court at Trial Term entered upon the verdict of a jury in an action for damages resulting from the pollution and silting of a pond maintained upon plaintiff's premises as a recreational feature of the resort bungalow colony which she operated in Sullivan County. There was undisputed evidence that in the Fall of 1957 an extensive grading project was undertaken by defendant, Yonkers Contracting Co., Inc., on abutting premises of higher elevation owned by defendant, Sullivan County Harness Racing Association, in connection with the construction of a large parking facility to be used by its patrons. In thus revising the contour of the upland property the bed of an existing natural water-course which flowed through it in a general westerly direction and fed the pond with pure water was completely obliterated. The testimony adduced from plaintiff's witnesses was to the effect that the elimination of the stream by defend-ants increased the runoff down the westerly slope and that furrows created by the action of the wheels of earth-moving equipment employed in the operation directed the surface water into an erosion ditch whence carrying quantities of eroded mud, dirt, stones and debris, including fill, placed on the slope it ran through a culvert under a public highway separating the premises of the parties and was discharged into the pond. In the light of the circumstances of this record it was not error to submit the case to the jury. (*Anthony* v. *Huntley Estates of Greenburgh*, 6 A D 2d 1054; *Barkley* v. *Wilcox*, 86 N. Y. 140, 147–148; *Noonan* v. *City of Albany*, 79 N. Y. 470, 476; *Strobel* v. *Kerr Salt Co.*, 164 N. Y. 303, 321, motion for reargument denied 165 N. Y. 617.) Nor do we think that defendants' exception to a portion of the trial court's charge was well taken. We have examined the other claims of error assigned by defendants as grounds for the reversal of the judgment and find them to be without merit. Judgment and order unanimously affirmed, with costs. Present — Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ.