■ CHARLES STANKLUS et al., Appellants, v COUNTY OF MONTGOMERY, Respondent. — Appeal from a judgment of the Supreme Court in favor of defendant, entered August 12, 1980 in Montgomery County, upon a decision of the court at Trial Term (Crangle, J.), without a jury. In 1969, plaintiffs purchased land containing a house and other improvements on Route 67 in Montgomery County. This property was situated at the easterly end of a ravine and contained a natural intermittent stream. The stream flows through a grassy indentation on plaintiffs' land, terminating in a ditch at Route 67. Antlers Road is owned by defendant and lies westerly of plaintiffs' land at the top of the elevated ravine. In 1974, defendant made improvements to Antlers Road, including parallel ditches, construction of a catch basin, and enlargement of a culvert under the roadway through which water collected and ran into the ravine. The volume of water in the stream from the ditches on Antlers Road and adjacent private lands varies dramatically depending upon seasonal changes and amounts of precipitation. As the result of the improvements, plaintiffs argue that vastly increased volumes of water ultimately flowed intermittently across their land. They allege that between 1975 and 1977, this water caused flooding, erosion, and accumulation of sewage and other wastes,

all resulting in property damage and a nuisance. Plaintiffs commenced an action to recover for property damage, repairs, trespass, negligence, nuisance, and confiscation, and also sought an injunction permanently enjoining drainage of surface waters across their land. After a nonjury trial, the court dismissed the complaint. The judgment should be affirmed. A riparian owner may not cause water to discharge into a natural stream in such quantity as to exceed its natural capacity resulting in overflow and flooding of land along the stream at lower locations (*Noonan v City of Albany,* 79 NY 470). However, as long as the natural capacity of the stream is not exceeded, a riparian owner may increase the quantity of water placed into such stream (*McCormick v Horan,* 81 NY 86). The sole issue upon which defendant's liability may be predicated for any of plaintiffs' several causes of action concerns the capacity of the stream as it traversed plaintiffs' land prior to the improvements made upstream by defendant. The burden of proof for this issue was upon plaintiffs. While the record contains much expert and lay testimony and exhibits concerning the nature and effect of the improvements to Antlers Road and the water collection mechanisms, there is no proof whatsoever as to the natural capacity of the stream on plaintiffs' land. Plaintiffs' principal expert, while demonstrating technical skill and knowledge, offered no testimony as to the size or characteristics of the areas drained; the condition or capacities of the stream; or the conditions on Antlers Road before 1975 when the improvements were made. Moreover, neither he nor any of his employees ever viewed the length of the ravine. Plaintiffs' only evidence of capacity was their testimony that excessive water causing the described conditions commenced after the 1975 improvements on Antlers Road. The court found that the stream followed the same unimpeded course as did the natural stream, and had nearly the same capacity as in its previous natural state. The court attributed the proximate cause of the damages sustained by plaintiffs not to increased flow of water, but to the extension of their lawn, which formed a barrier in the natural bed of the stream. Moreover, there is evidence that in the years 1975, 1976 and 1977, during which time plaintiffs' proof indicated that substantially all of their damage was inflicted, unusually heavy rainfalls occurred causing county-wide flooding, including the road and area in front of plaintiffs' property. Upon a thorough examination of the record, we are of the opinion that the court's findings are not against the weight of the credible evidence nor contrary to law and, therefore, should not be disturbed (*Bolnick v State of New York,* 84 AD2d 866; *Billson v State of New York,* 62 AD2d 1108). While there was conflict in the testimony of the witnesses and expert opinions, such merely raised questions of credibility for the court's resolution. Since the court saw and heard the witnesses, these findings will not be lightly set aside (*Petrolawicz v Scuderi,* 82 AD2d 1001, 1002). Finally, it was not error to deny plaintiffs a permanent injunction. Irreparable injury and inadequacy of a legal remedy are prerequisites to an injunction (*Kane v Walsh,* 295 NY 198, 205-206; *Thomas v Musical Mut. Protective Union,* 121 NY 45; *Columbia Asphalt Corp. v City of New York,* 67 AD2d 607; *Lesron Junior v Feinberg,* 13 AD2d 90, 93-94). Plaintiffs have a plain, adequate and complete remedy at law for monetary damages should they prevail in any action therefor. The trial court indicated that such action may well lie for any damages occurring subsequent to 1977. Judgment affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.