■ EUGENE GROGAN, JR., Respondent, v SAINT BONAVENTURE UNIVERSITY, Appellant. — Order unanimously reversed, without costs, and matter remitted to Supreme Court, Cattaraugus County, for further proceedings in accordance with the following memorandum: On October 3, 1981 plaintiff was involved in a physical altercation with another student from the defendant university. He was charged with several violations of student life policies, including the "[d]eliberate endangerment, injuring or threatening to injure, the person or property of any member of the University community." The matter came before the University Arbitration Board (Board) for a hearing. The Board found plaintiff guilty and imposed the sanction of dismissal. Plaintiff appealed the decision to the appeals committee but the decision of the Board was upheld. Subsequently, on December 18, 1981, plaintiff instituted an action for a permanent injunction against defendant university to enjoin it from imposing the sanction of dismissal against him. The complaint alleged that the decision of the Board was arbitrary and capricious since it was based upon an inadequate review of the facts and circumstances surrounding the incident and that the punishment imposed was cruel and overly severe. Plaintiff moved for a preliminary injunction to restrain the defendant from taking any action to enforce the Board's decision during the pendency of the action for the permanent injunction. The motion for a preliminary injunction was heard on January 6, 1982 and denied. The matter was set down for a hearing at Special Term. Without taking any evidence and solely on the arguments of the attorneys, however, Special Term granted a permanent injunction on January 22, 1982 on the basis that plaintiff "was denied due process of law, in that he did not make his choice of the forum that he would be tried [sic], in which he would be tried, because he would have had to plead guilty in the event that he had made the choice of his case being heard by the dean." Special Term annulled the determination of the Board and ordered the charges to be resubmitted in accordance with the rules and regulations of the defendant. Defendant appeals from this order. A permanent injunction is a final judgment which may be granted after a trial on the merits (*Gambar Enterprises v Kelly Servs.*, 69 AD2d 297; 7A Weinstein-Korn-Miller, NY Civ Prac, par 6301.05, p 63-11). However, no trial was held prior to the entry of this final judgment; the action was treated as a motion. Other than the summons, complaint, answer and bill of particulars, the record contains solely the affidavits in support and in opposition to the motion for a preliminary injunction. It does not contain the transcript of the proceedings before the arbitration board. Furthermore, the order is ambiguous as to the basis for the permanent injunction. In any event, an injunction should not have been granted since plaintiff did not demonstrate irreparable harm and that he has no adequate remedy at law (see *Kane v Walsh*, 295 NY 198; *Thomas v Musical Mut. Protective Union*, 121 NY 45; *Stanklus v County of Montgomery*, 86 AD2d 908). CPLR article 78 relief is available to review the actions of defendant university and to make inquiry to determine whether it abided by its own rules (see *Tedeschi v Wagner Coll.*, 49 NY2d 652; *Matter of Gray v Canisius Coll. of Buffalo*, 76 AD2d 30; *Matter of Carr v St. John's Univ., N. Y.*, 17 AD2d 632, affd 12 NY2d 802) and "whether [it] has acted in good faith or its action was arbitrary or irrational" (*Tedeschi v Wagner Coll.*, 49 NY2d 652, 658, *supra*). Injunctive relief will not lie where there is an adequate remedy at law in a proceeding under article 78 (*Kane v Walsh, supra; Nassau Roofing & Sheet Metal Co. v Facilities Dev. Corp.*, 70 AD2d 1021, app dsmd 48 NY2d 654). Accordingly, the action is converted to a proceeding pursuant to article 78 (see *Santiago v Blum*, 75 AD2d 596, mot for

lv to app den 50 NY2d 804; CPLR 103, subd [c]). (Appeal from order of Supreme Court, Cattaraugus County, Green, J. — injunction.) Present — Dillon, P. J., Doerr, Denman, Moule and Schnepp, JJ.