■ VITO A. BALNYS et al., Respondents, v TOWN OF NEW BALTIMORE, Appellant, et al., Respondent.—Mercure, J. Appeal from that part of an order of the Supreme Court (Cobb, J.), entered February 17, 1989 in Greene County, which partially denied defendant Town of New Baltimore's motion for summary judgment dismissing the complaint.

Plaintiffs commenced this action against defendants, the Town of New Baltimore and the County of Greene, to recover for property damage alleged to have been caused by the buildup of water behind a blocked culvert. Following joinder of issue, service of a bill of particulars and considerable discovery, the town moved for summary judgment dismissing the complaint against it upon the ground that "the subject property and culvert are owned and controlled by the [county], with no responsibility or duty therefor on the [town]", thus eliminating any factual issue "as to responsibility for and the ownership, maintenance and construction" of the culvert. Supreme Court granted partial summary judgment dismissing the complaint to the extent that it sought recovery against the town based upon failure or improper maintenance of the culvert but denied the motion to the extent that the complaint alleged that the town caused an increase in the amount of runoff flowing through the culvert. The town appeals.

There should be an affirmance. In its motion for summary judgment, the initial burden was on the town to make a prima facie showing of entitlement to judgment as a matter of law by coming forward with competent proof refuting the allegations of the complaint as amplified by the bill of particulars (see, Alvarez v Prospect Hosp., 68 NY2d 320, 325; Conti v Albany Med. Center Hosp., 159 AD2d 772, 773). In the action before us, plaintiffs' bill of particulars alleged that the town "consciously increased the volume of water flowing to the channel * * * upsetting the balance of the waters flowing to that channel and resulting in overflow and flooding", an allegation which, if uncontroverted, would provide a basis for a finding of liability in the town (see, Noonan v City of Albany,

79 NY 470; *cf., Stanklus v County of Montgomery,* 86 AD2d 908, 909, *appeal dismissed* 60 NY2d 701, *lv denied* 60 NY2d 555). The town did not come forward with competent evidence to disprove the allegation *(see, Winegrad v New York Univ. Med. Center,* 64 NY2d 851, 853), thus failing in its burden. Accordingly, Supreme Court quite correctly denied the motion for summary judgment in that regard.

Finally, on the record before us, we find no basis for a grant of summary judgment in favor of the county, which neither sought summary judgment in Supreme Court nor appealed Supreme Court's order.

Order affirmed, without costs. Kane, J. P., Yesawich, Jr., and Mercure, JJ., concur.

Mikoll and Harvey, JJ., dissent and vote to modify in a memorandum by Mikoll, J. Mikoll, J. (dissenting). We respectfully dissent.

The town is not required to show that it did not increase the flow of water through the culvert. The town could properly have increased the flow of water through the culvert as long as the increase was not "in such quantity as to exceed its natural capacity resulting in overflow and flooding of land along the stream at lower locations" *(Stanklus v County of Montgomery,* 86 AD2d 908, 909; *accord, Noonan v City of Albany,* 79 NY 470). "[A]s long as the natural capacity of the stream is not exceeded, a riparian owner may increase the quantity of water placed into such stream" *(Stanklus v County of Montgomery, supra,* at 909; *accord, McCormick v Horan,* 81 NY 86). There is no credible evidence in the record that the natural capacity of the stream or of the culvert was exceeded. Rather, the evidence indicates the problem was due to blockage of the culvert, not an excessive waterflow. Harold Morrill, Division Engineer of the County Highway Department, testified in his examination before trial that the "principal cause of this continuing problem * * * was due to trash and debris being thrown either intentionally or otherwise in front of the culvert. * * * There didn't seem to be a question because there were occasions when there was no trash, the culvert operated perfectly regardless of the rainfall." William Whitbeck, the general labor foreman of the County Highway Department, testified in a pretrial deposition that he went to the scene of the culvert at about 9:15 P.M. on March 14, 1986 and found water flowing across the road approximately two inches deep. He went to the inlet end of the culvert to relieve the problem but was not able to do so. He then called for a backhoe from the town and, after about 45 minutes of effort,

the culvert was freed. William Reich, County Superintendent of Highways, testified at his pretrial deposition that he generally made an assessment of the source of the water flowing through the culvert but that the county never did a study on the volume. No liability attaches to the town because of the increase in the volume of water flow which did not exceed the stream's capacity *(see, Stanklus v County of Montgomery, supra; see also, Beck v City of New York,* 23 Misc 2d 1036, 1041, 1045-1046, *affd* 16 AD2d 809).

There is evidence in the record refuting the allegation that any affirmative act of the town created such an increase of the water flow through the culvert as to cause plaintiffs' water damage. The allegations of the complaint in this regard are rebutted. Summary judgment should therefore have been granted in favor of the town granting its motion in toto and dismissing the complaint against it *(see, Goldstein v County of Monroe,* 77 AD2d 232, 236-237).