In the Matter of ROBERT J. CARY et al., Respondents, against
THE COUNCIL OF THE CITY OF BINGHAMTON, Appellants.

Argued March 10, 1943; decided April 15, 1943.

*Hugh J. Heffern, Corporation Counsel, (Thomas W. Ryan* of counsel), for appellant.

*Charles P. O'Brien* and *Herman F. Nehlsen* for respondents.

CONWAY, J. This is a proceeding under article 78 of the Civil Practice Act for an order directing the members of the Council of the City of Binghamton to desist and refrain from taking any action upon two proposed ordinances introduced in the Council.

The petitioners Cary and Page are municipal civil service commissioners of the city appointed in the years 1940 and 1941 and who have served as such since their appointment. The city of Binghamton in 1937 duly adopted a simplified form of government defined as Plan F under the provisions of the Optional

City Government Law of the state of New York and is still operating thereunder.

In March of 1942 the Mayor of the city requested the Council in writing to take such action as it deemed advisable under section 47 of the Optional City Government Law relating to the official actions of the petitioners. Thereupon there were introduced in the Council the two proposed ordinances to which reference has been made. They purported to remove petitioners by reason of certain specified actions and conduct by them. After the introduction and reading of the proposed ordinances they were referrred to the Committee of the Whole and the petitioners were given an opportunity to appear on a date set, subsequent to service upon them of a copy of the proposed ordinances, in order that they might make such explanation as they desired " of reasons assigned for removal."

Thereupon petitioners instituted this proceeding.

The question which we must determine is whether the Council has the power to remove the petitioners under any circumstances. That depends upon a reading of Optional City Government Law, section 47 (L. 1914, ch. 444, as repealed in part by L. 1939, ch. 765). That section reads as follows: " § 47. Civil service commissioners. Subject to the provisions of the civil service law, the council under plans A, B and C, and the mayor under plans D, E and F, shall appoint three persons as civil service commissioners to serve for two, four and six years respectively. Each alternate year thereafter there shall be appointed one person as the successor of the commissioner whose term expires, to serve for six years. Any vacancy shall be filled for the unexpired term in the same manner as an original appointment. Not more than two members of the commission shall be adherents of the same political party, and no member shall hold any other public office to which a salary is attached. A commissioner may be removed during his term of office by the unanimous vote of the council, and upon stating in writing the reasons for removal, and after allowing him opportunity of making an explanation." The first sentence is the only one which refers to the various plans of government under the act. The other sentences clearly apply to all plans of government thereunder. This is confirmed by article III of the act, in which section 47 is found. It is entitled: " General Provisions

Applicable to *Each* Method of Government.'' Finally, section 35, the first section of article III, reads as follows: '' Unless otherwise especially provided, the sections contained in this article shall apply to the plans of government defined in this act as plan A, B, C, D, E, F *and* G.'' It is the contention of petitioners, however, that the last sentence of section 47, granting power to the Council to remove, has application only to a Council operating under plans A, B or C. It seems to us that to so decide would be to disregard the unambiguous wording of the statute.

A complete answer to the construction advocated by petitioners is found in the wording of section 11 of the Civil Service Law as it existed when the Optional City Government Law was enacted in 1914. At that time section 11 provided only two methods of removal of a municipal Civil Service Commissioner, *first,* removal by the Mayor, *second,* removal by the State Civil Service Commission. It was then that the Legislature provided in section 47 of the Optional City Government Law that the *Council* might remove a Commissioner. Obviously, if that entire section, section 47, was subject to the Civil Service Law as petitioners claim, the Council never obtained the power at any time to remove a Commissioner and the Legislature in 1914 nullified a direct provision of section 47 at the moment of its enactment by making it subject to an existing provision of the Civil Service Law. We cannot say that the Legislature had any intention of accomplishing such a curious result. Rather must we attempt to give effect to each legislative provision in each legislative act. That may be done by limiting the words: '' Subject to the provisions of the civil service law '' to the first sentence of section 47. In 1923 (long after the enactment of section 47) section 11 of the Civil Service Law was amended so as to provide that the '' Mayor '' '' or other duly authorized appointing authority '' might appoint or remove the Civil Service Commissioners. (L. 1923, ch. 177.) Before that amendment the Mayor had had the power of removal under the Civil Service Law and the Council had had the power of removal under the Optional City Government Law. There is nothing to indicate that the Legislature intended to change that situation by the amendment of 1923. The words: '' Subject to the provisions of the civil service law '' in section 47 still applied only to the appointing power just as they did in 1914 when the Optional City Government Law was enacted.

In this view, a reading of the Civil Service Law and the Optional City Government Law together produces no disharmony. Under section 11, subdivision 6, of the Civil Service Law: (1) the Mayor or other appointing authority may remove any Municipal Civil Service Commissioner for cause and after a public hearing, and (2) the State Civil Service Commission may by unanimous vote of the three Commissioners, with the written approval of the Governor, remove any Municipal Civil Service Commissioner for certain enumerated reasons after compliance with certain procedural requirements. Both those methods of removal are continued by Optional City Government Law section 47 and a third method is added — the removal by the unanimous vote of the Council after due opportunity afforded for explanation. There is no conflict. It may be that the Legislature sought by these varied provisions more completely to protect the civil service. Whatever the reason, the words are clear and need no construction by us. Any change is for the Legislature.

The order of the Appellate Division should be reversed and that of Special Term affirmed with costs in this court and in the Appellate Division.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, LEWIS and DESMOND, JJ., concur.

Ordered accordingly.