VINCENT J. KANE, Individually and as President of the Uniformed Firemen's Association, et al., Appellants, *v.* PATRICK WALSH, as Fire Commissioner and Chief of the Fire Department of the City of New York, Respondent.

Argued November 28, 1945; decided March 7, 1946.

*David A. Savage* and *Frank A. Rossini* for appellants. I. Section 248 of the Rules and Regulations for the Uniformed Force of the Fire Department of the City of New York and the order of the defendant issued on May 29, 1944, constitute an abridgement of rights guaranteed to plaintiffs under the Constitution of the United States and the Constitution of the State of New York. (*Thornhill* v. *Alabama,* 310 U. S. 88; *Palko* v. *Connecticut,* 302 U. S. 319; *Mooney* v. *Holohan,* 294 U. S. 103; *Railway Mail Assn.* v. *Corsi,* 293 N. Y. 315; *Matter of Hagan* v. *Picard,* 171 Misc. 475, 258 App. Div. 771; *Nichols* v. *Commonwealth of Massachusetts,* 308 U. S. 147; *Lovell* v. *City of Griffin,* 303 U. S. 444; *Matter of Gallaher* v. *American Legion,* 154 Misc. 281, 242 App. Div. 604, 242 App. Div. 630; *Near* v. *Minnesota,* 283 U. S. 697; *Patterson* v. *Colorado,* 205 U. S. 454; *Carder Realty Corp.* v. *State of New York,* 260 App.

Div. 459; *Hague* v. *C. I. O.,* 307 U. S. 496; *Board of Education* v. *Barnette,* 319 U. S. 624.) II. By section 248 and the verbal order of May 29, 1944, defendant attempted to assume law-making powers which never have been conferred upon him and could not be conferred upon him by the Legislature. (*Matter of Gallaher* v. *American Legion,* 154 Misc. 281, 242 App. Div. 604, 242 App. Div. 630; *People* v. *Barber,* 289 N. Y. 378.) III. Section 248 and the order of the defendant are unreasonable on their face, arbitrary in their character, constitute a denial of reasonable liberty of action and transcend due bounds of legislative power irrespective of constitutional provisions, State or national. (*State ex rel. Kennedy* v. *Remmers,* 340 Mo. 126; *State ex rel. Christian* v. *Barry,* 123 Ohio 458; *Murdock* v. *Pennsylvania,* 319 U. S. 105; *United States* v. *Cruikshank,* 92 U. S. 542.) IV. Section 248 and the verbal order are void under the provisions of section 15 of the Civil Rights Law. (New York City Charter, § 904; Administrative Code of the City of New York, § 904–1.0; *Acorn Employment Service, Inc.,* v. *Moss,* 292 N. Y. 147.) V. A cause or controversy exists and this suit for a declaratory judgment is proper. (*Aetna Life Ins. Co.* v. *Hayworth,* 300 U. S. 227; *Acorn Employment Service, Inc.,* v. *Moss,* 292 N. Y. 147; *Columbia System* v. *United States,* 316 U. S. 407; *Putkowski* v. *Carey,* 182 Misc. 1023; *McBride's Theatre Ticket Office* v. *Moss,* 183 Misc. 14; *People ex rel. McNish* v. *Waldo,* 212 N. Y. 348; *Neubeck* v. *McDonald,* 128 Misc. 768.) VI. Injunction is the proper method to enjoin the defendant from enforcing section 248 and his order of May 29, 1944. (*Walla Walla* v. *Walla Walla Water Co.,* 172 U. S. 1; *Tyler* v. *Savage,* 143 U. S. 79; *Lang's Creamery, Inc.,* v. *City of Niagara Falls,* 224 App. Div. 483; *Wilkie* v. *City of Chicago,* 188 Ill. 444; *Strobel* v. *Kerr Salt Co.,* 164 N. Y. 303.)

*Zarah Williamson* for New York City Committee of the American Civil Liberties Union, *amicus curiæ,* in support of appellant's position. I. The Fire Commissioner's ruling of May 29, 1944, is void not only as flouting section 15 of the Civil Rights Law, but also as flouting the enlightened public policy of this State. (*Matter of Hagan* v. *Picard,* 171 Misc. 475, 258 App. Div. 771; *Railway Mail Assn.* v. *Corsi,* 293

N. Y. 315; *People* v. *Schweinler Press,* 214 N. Y. 395; *Klein* v. *Maravelas,* 219 N. Y. 383.) II. Section 15 of the Civil Rights Law, squarely repudiating any previous conception, has declared it as the law of the State that a citizen shall not be deprived of the right ·to appeal to the Legislature, or to any public officer, board, commission or other public body, for the redress of grievances, on account of employment in the civil service. III. The State Labor Relations Act does not exclude civil service workers from the guarantee of the right to " appeal " given by section 15 of the Civil Rights Law. Section 15 of the Civil Rights Law allows for no exception. (*White* v. *Boland,* 254 App. Div. 356; *People ex rel. Clifford* v. *Scannell,* 74 App. Div. 406; *McAuliffe* v. *Mayor of New Bedford,* 155 Mass. 216; *Railway ·Mail Assn.* v. *Corsi,* 293 N. Y. 315; *Abrams* v. *United States,* 250 U. S. 616; *Milwaukee Pub. Co.* v.·*Burleson,* 255 U. S. 407; *United States* v. *Schwimmer,* 279 U. S. 644; New York City Charter, § 904.) IV. Wholly apart from section 15 of the Civil Rights Law, the concept of a sound public policy which has by now developed leaves no choice but to extinguish the ruling of May 29, 1944, as an outlandish anachronism. (*Matter of Hagan* v. *Picard,* 171 Misc. 475, 258 App. Div. 771; *Railway Mail Assn.* v. *Corsi,* 293 N. Y. 315; *Railway Mail Assn.* v. *Murphy,* 180 Misc. 868.) V. Section 248 of the rules of the Fire Department ought also to be stricken down because the pervasive threat inherent in its very existence is an encroachment upon the firemen's rights granted them by section 15 of the Civil Rights Law. (*Thornhill* v. *Alabama,* 310 U. S. 88; *Matter of Natilson* v. *Hodson,* 264 App. Div. 384; *Kansas City Ry.* v. *Anderson,* 233 U. S. 325; *Poindexter* v. *Greenhow,* 114 U. S. 270; *Matter of Berger* v. *Walsh,* 266 App. Div. 592, 291 N. Y. 220; *Stromberg* v. *California,* 283 U. S. 359; *Herndon* v. *Lowry,* 301 U. S. 242; *De Jonge* v. *Oregon,* 299 U. S. 353.)

*Ignatius M. ·Wilkinson, Corporation Counsel* (*Seymour B. Quel* and *Helen R. Cassidy* of counsel), for respondent. I. The appeal does not raise any substantial question involving the constitutional rights of the plaintiffs. The constitutional rights which members of the Fire Department possess as individuals cannot ·invalidate a regulation prescribed as a condition of their employment. (*Matter of Fullen* v. *Board of Estimate,*

264 N. Y. 463; *Gans* v. *Callaghan*, 256 N. Y. 552; *Matter of Weiss* v. *Wickwire Spencer Steel Corp.*, 242 N. Y. 533; *People ex rel. Clifford* v. *Scannell*, 74 App. Div. 406, 173 N. Y. 606.) II. Rules and regulations governing public employment are paramount and the constitutional rights of employees as individuals must necessarily yield to the conditions of their employment. (*McAvoy* v. *Press Pub. Co.*, 114 App. Div. 540; *McAuliffe* v. *New Bedford*, 155 Mass. 216; *Duffy* v. *Cooke*, 239 Penn. 427; *Brownell* v. *Russell*, 76 Vt. 326; *Neustein* v. *Mitchell*, 52 F. Supp. 531; *Stewart* v. *U. S. Civil Service Commission*, 45 F. Supp. 697; *United Federal Workers of America* v. *Mitchell*, 56 F. Supp. 621.) III. Section 248 of the rules and regulations of the Fire Department is a reasonable exercise of a power of regulation over the Fire Department conferred upon the Fire Commissioner. (*Majewski* v. *Farley*, 203 App. Div. 77; *Matter of Natelson* v. *Portfolio*, 291 N. Y. 290; *Matter of Apel* v. *Moss*, 256 App. Div. 607; *Matter of Friedman* v. *Valentine*, 177 Misc. 437, 266 App. Div. 561; *Fawcus Machine Co.* v. *United States*, 282 U. S. 375; *Chicago, R. I. & P. Ry. Co.* v. *U. S.*, 284 U. S. 80; *People ex rel. Clapp* v. *Listman*, 40 Misc. 372; *Matter of Walsh* v. *La Guardia*, 269 N. Y. 437; *People ex rel. Lieberman* v. *Van de Carr*, 175 N. Y. 440, 199 U. S. 552; *City of Albany* v. *Newhof*, 230 App. Div. 687, 256 N. Y. 661; *City of Buffalo* v. *Hill*, 79 App. Div. 402.) IV. There is no existing justiciable controversy between the parties and therefore an action for a declaratory judgment cannot be sustained. (*New York Operators* v. *State Liquor Authority*, 285 N. Y. 272; *Pratt* v. *La Guardia*, 182 Misc. 462, 268 App. Div. 973.)

LEWIS, J. Our inquiry goes to the legal sufficiency of the complaint in this action. The plaintiffs present for review a judgment entered upon an order of the Appellate Division which unanimously affirmed a judgment of Special Term dismissing the complaint upon defendant's motion under rule 106 of the Rules of Civil Practice.

In those circumstances we treat as admitted by the defendant the allegations of fact found in the complaint. (*Nevins, Inc.*, v. *Kasmach*, 279 N. Y. 323, 324–325.) From those allegations it appears that the plaintiffs are members of the Fire Department of the City of New York and are officers of the Uniformed

Firemen's Association, to which organizations reference will be made respectively as the " Department " and the " Association." The Association, comprising more than seven thousand members, represents 95% of all uniformed members of the Department. There came a time when through its officers the Association instituted a proceeding to restrain the defendant Fire Commissioner from enforcing an order issued by him on December 30, 1943, directing all members of the uniformed force to perform twenty-four extra hours of duty in every twenty days. We take judicial notice of the fact that the proceeding thus instituted terminated unfavorably to demands asserted by the Association. (*Matter of Kane* v. *Walsh,* 181 Misc. 513, 594, affd. 268 App. Div. 763, affd. 293 N. Y. 923.) That litigation is alleged to have prompted statements to the press by local municipal officers concerning working conditions within the Department, the attitude and discipline of the uniformed force and accusations which are construed by the plaintiffs as having impugned the good faith and patriotism of the members of the Association during the prevalence of war conditions. At a meeting of the Association held in May, 1944, a Public Relations Committee was appointed to present to the public information concerning the working conditions of firemen within the Department and to answer the alleged accusatory statements made by municipal officers. Thereafter there was issued to the local press by the Public Relations Committee a statement setting forth the position of the members of the Association in instituting the proceeding which they had prosecuted unsuccessfully. Following the publication of that statement the defendant Fire Commissioner on May 29, 1944, directed the plaintiff, Vincent J. Kane, to make no further statements of any kind, either for publication or otherwise, concerning the members of the Association in relation to the Department, and further directed him to convey such order to all officers of the Association. The plaintiff Kane was also told by the Fire Commissioner " that unless his order was obeyed concerning the making of any statements that he would discipline each and every one responsible for any statement made, and would invoke the provisions contained in Rule 248 [§ 248] of the Rules of the Fire Department of the City of New York."

Section 248 of the Rules and Regulations for the Uniformed Force of the Fire Department provides:

" Members shall not sanction the use of their names or photographs, in connection with any written or printed article, nor with an advertisement in any magazine or newspaper, without the written approval of the Chief of Department.

" This rule shall not prohibit the use of photographs, in connection with a printed account of Members participating in rescue and other work at fires, or in connection with the history of Members appointed or promoted."

The plaintiffs in the present action complain that both section 248, quoted above, and the directive issued by the defendant Fire Commissioner on May 29, 1944, are arbitrary, unreasonable, capricious and unconstitutional, and that to invoke either section 248 or the directive of May 29, 1944, will cause irreparable damage to the officers and members of the Association and will violate the rights of freedom of speech, press and petition guaranteed by the Federal and State Constitutions.

By the first alleged cause of action the plaintiffs demand judgment that the defendant Fire Commissioner, his agents and successors be *" restrained and enjoined "* from enforcing section 248 and the directive issued by him on May 29, 1944, and from making effective against any officer or member of the Association any disciplinary measure for a violation of such section or directive.

We are persuaded that in the circumstances upon which plaintiffs base their demand for equitable relief the extraordinary remedy afforded by injunction may not be invoked. Among those allegations in the complaint deemed admitted by the defendant is the fact that by his directive of May 29, 1944, the Fire Commissioner has given notice that unless such directive is obeyed he will discipline " each and every one responsible " for any statement made in violation thereof, and will invoke section 248 of the Rules and Regulations of the Fire Department. The plaintiffs have no absolute right to a mandatory injunction which is an extraordinary remedy to be granted or withheld by a court of equity in the exercise of its discretion. (*Lexington & Fortieth Corp.* v. *Callaghan,* 281 N. Y. 526, 531.) Not every apprehension of injury will move a court of equity to the exercise of its discretionary powers. Indeed, " Equity * * * interferes in the transactions of men by preventive measures only when irreparable injury is threatened,

and the law does not afford an adequate remedy for the contemplated wrong.'' (*Thomas* v. *M. M. P. Union,* 121 N. Y. 45, 52.)

In the present case the act sought to be enjoined can be dealt with under article 78 of the Civil Practice Act which makes available to the plaintiffs a legal remedy in the nature of mandamus which is adequate to redress the plaintiffs' grievance. (See *Southern Leasing Co.* v. *Ludwig,* 217 N. Y. 100, 103–104; *Matter of Cary* v. *Binghamton City Council,* 290 N. Y. 247, 248–249; 1 High on Injunctions [4th ed.], § 28 at p. 44.) For that reason we are in agreement with the judgment insofar as it dismisses the first alleged cause of action.

For their second cause of action the plaintiffs again plead facts upon which the first cause is based and thereupon they demand a judgment declaring section 248 and the order issued by the defendant on May 29, 1944, to be illegal, arbitrary, unreasonable and unconstitutional. As to the second cause of action we agree with the rulings at Special Term and the Appellate Division insofar as they adjudicate that section 248 is a reasonable exercise by the defendant Fire Commissioner of his right to prescribe rules and regulations affecting the discipline of the uniformed members of the Department. We cannot say that section 248 bears no reasonable relation to a purpose by the defendant in good faith to promote the efficiency and best interests of the Department. It does not deprive members of the uniformed force of the right granted by section 15 of the Civil Rights Law to appeal to the Legislature, or to any public officer, board, commission or other body for the redress of grievances. The implication is clear that under the challenged section uniformed members of the Department may permit the use of their names or photographs in connection with any written or printed article, or advertisement in any magazine or newspaper, *provided '' the written approval of the Chief of Department ''* is secured. The legal presumption is not that such permission will be denied arbitrarily, unreasonably or capriciously. On the contrary — '' It is presumed that public officials will discharge their duties honestly and in accordance with the rules of law.'' (*People ex rel. Lieberman* v. *Vandecarr,* 175 N. Y. 440, 446, affd. 199 U. S. 552.) '' We may declare such a regulation invalid only in the event that it is so lacking in reason for its promulgation that it is essentially arbitrary.'' (*Matter of Stracquadanio* v. *Dept. of Health,* 285 N. Y. 93, 97.)

We think, however, that the defendant's order of May 29, 1944, was so broad in scope and so rigid in terms as to be arbitrary and unreasonable. True it is that " * * * the government, discipline, management, maintenance and direction of the fire department " is within the " sole and exclusive power " granted to the defendant who is authorized to make rules and regulations for the conduct of the Department. (New York City Charter, §§ 487-a, 885-a.) However, we know of no statutory power granted to the defendant directly or by implication which permitted him to deprive the plaintiffs — who, as firemen, are civil service employees — of the right to make " statements of *any* kind, either for publication or otherwise, concerning the members of the Uniformed Firemen's Association, in relation to the Fire Department ". (Emphasis supplied.) Indeed, by section 15 of the Civil Rights Law, the Legislature has unequivocally declared it to be the public policy of this State that — " Notwithstanding the provisions of any general or special law to the contrary, a citizen shall not be deprived of the right to appeal to the legislature, or to any public officer, board, commission or other public body, for the redress of grievances, on account of employment in the civil service of the state or any of its civil divisions or cities." (See, also, New York City Charter, § 904; Administrative Code of the City of New York, § 904-1.0.) It will be noted that the statute does not exclude any of those many categories of employees, including firemen, within " the civil service of the state or any of its civil divisions or cities." The right created by the statute quoted above is made available by the Legislature to any " citizen ". We may not by judicial construction redefine a statutory right which the Legislature has defined in clear language. " We may not define the bounds within which that power may be exercised, except as we find such bounds implicit in the statute, read in the light of established public policy." (*Westchester Mortgage Co.* v. *G. R. & I. R. R. Co.,* 246 N. Y. 194, 199; *Woollard* v. *Schaffer Stores Co.,* 272 N. Y. 304, 311.)

By section 476 of the Civil Practice Act " * * * a judgment may be rendered by the court as to a part of a cause of action * * *." In this instance an effective judgment can be rendered sustaining a part of the complaint without fatal mutilation of the entire pleading. (See *Lowe* v. *Lowe,* 265 N. Y. 197, 202–203.)

The judgment should be modified insofar as it dismisses that part of the second cause of action which seeks a declaratory judgment with respect to the directive alleged to have been issued by the defendant Fire Commissioner on May 29, 1944, and as to such part of the second cause of action the defendant's motion should be denied, and as so modified the judgment should be affirmed, with costs to the plaintiffs in this court.

The judgments should be modified in accordance with this opinion and as so modified affirmed, with costs in this court to the plaintiffs.

LOUGHRAN, Ch. J., CONWAY, DESMOND, THACHER, DYE and MEDALIE, JJ., concur.

Judgment accordingly.