CHESTER S. MICHAELS et al., Individually and on Behalf of Themselves and All Tenants Similarly Situated, Respondents, v. MACAN ESTATES, INC., Appellant.

First Department, March 13, 1951.

*Francis G. Stapleton* of counsel (*Engel, Judge, Miller & Sterling,* attorneys), for appellant.

*Israel Finkel,* attorney (*Charles Horowitz* with him on the brief), for respondents.

*Per Curiam.* Defendant owns and operates a seventeen-story apartment house at Broadway and 106th Street. There are 176 tenants in the building. Thirty-four of the tenants are in possession under the Blumberg form of lease which provides that the landlord will furnish "elevator service." Of the remaining 142 tenants, 16 have the so-called Real Estate Board form of lease and the other 126 are statutory tenants whose terms under Real Estate Board forms of lease have expired, the material portions of which are carried forward into these statutory tenancies (*Stern* v. *Equitable Trust Co.,* 238 N. Y. 267). The Real Estate Board form expressly permits the landlord on ten days' notice to change from manually operated to automatic control type elevators. In September, 1949, defendant contracted to convert the three manually operated elevators into automatic control type elevators. This action was instituted to enjoin defendant from making the conversion. The judgment appealed from enjoins defendant from leaving the elevators unattended.

The appellant maintains that it is under no duty to supply manually operated elevators under the Real Estate Board form. This court so held in *Sterngold* v. *269 Realty Inc.* (277 App. Div. 979).

It is urged that the appellant is under no duty to supply manually operated elevators under the Blumberg form: appel-

lant maintains that there is no evidence to support respondents' contention that the phrase " elevator service " was intended to mean manually operated elevator service.

Special Term has held that the expression " elevator service " necessarily means that the elevators must be operated by attendants, and calls attention to language to that effect in the Special Term opinion in *Goldberg* v. *Grant* (94 N. Y. S. 2d 854). In the case last cited, as in the present, manual elevator service was in operation when the leases were signed. In affirming the judgment as modified (274 App. Div. 993), this court did not adopt the reasoning at Special Term. It was thought that the existence of manual service when the tenant went into possession entailed an implied promise to continue it, a theory of decision which he extended to the furnishing of bus service in *Fogelson* v. *Rackfay Constr. Co.* (276 App. Div. 752). The judgment of the Appellate Division in the latter case was reversed, however, on appeal to the Court of Appeals (300 N. Y. 334), which held that such covenants were not to be grafted upon tenancies under leases by such an implication. Whatever authority may have attached to our decision in *Goldberg* v. *Grant* was thereby eliminated.

Whether an express covenant to supply " elevator service " can be fulfilled by supplying automatic service in every size and type of building, may be open to argument. Upon the trial of this case, the landlord sought to introduce evidence concerning the prevalence of this type of installation in various buildings in the city, but the court excluded all testimony as to the general efficiency of automatic elevators, their relative safety factors, and their use in various types and sizes of buildings in New York City. The fire regulations have been held of themselves not to require operation by an attendant at all times for the benefit of tenants, if a competent operator is constantly in the building who can do so in case of fire (*Richman* v. *Fleisher,* 276 App. Div. 574, 577).

The circumstance is not without weight in this case that 142 of the 176 tenants in this building, or their predecessors, have agreed by signing the Real Estate Board form of lease that automatic control type elevators will supply adequate " elevator service " for this building. In any event, we think that the remaining 34 tenants in possession under Blumberg form leases, whatever may be their rights to damages, are not entitled to equitable relief, by way of specific performance or mandatory injunction, to compel defendant-appellant to maintain manually operated elevators for their benefit and that of the 142 tenants

in the same building who have expressly disclaimed any right to other than elevators automatically controlled. In *Kane* v. *Walsh* (295 N. Y. 198) it is pointed out that there is no absolute right to a mandatory injunction, and that equity interferes only when irreparable injury is threatened.

The judgment appealed from should be reversed, with costs, and the complaint dismissed.

PECK, P. J., COHN, CALLAHAN, VAN VOORHIS and HEFFERNAN, JJ., concur.

Judgment unanimously reversed, with costs, and judgment is directed to be entered dismissing the complaint herein, with costs. Settle order on notice.