Charles D. Dineen, J.
Defendants move to dismiss the complaint for insufficiency and that on the pleadings and affidavit it is indicated that the action is without merit and pray for summary judgment. The action was instituted in connection with the so-called Lincoln Square Development Plan. The complaint contains two causes of action, one of which is brought by a taxpayer and the other by the two remaining plaintiffs as residents of the affected area. Both causes of action seek identical relief to declare the acts of the Board of Estimate null and void and to enjoin any future acts in proceeding with the further progress of the development. The defendants pursuant to and in accordance with the National Housing Act of 1949 as amended (U. S. Code, tit. 42, § 1401 et seq.), seek to meet the requirements of the act for the purpose of eliminating a slum area in the City of New York and are inducing private enterprise to develop the site. To encourage such private persons in developing the area the act allows the purchase of land at a lower price than the cost of acquisition. The difference between the two is to be borne by the Federal and local Governments. The plaintiffs contend that from the very beginning of the proposed plan Fordham University and St. Matthew’s Roman Catholic Church have been recognized not only as potential but eventual purchasers of a portion of the land embraced within the project and that commitments have been made to that effect which are violative of *64 the United States Constitution (1st Arndt.) and the State Constitution (art. XI, § 4) in that it amounts to assistance and a subsidy to private or religious institutions. The plaintiffs do not deny that' neither Constitution prohibits dealing with religious institutions .provided no financial aid is extended or given either directly or indirectly. In order to dispell any suspicion or doubt that any such assistance or subsidy might be given it must be assumed that the defendant officials will not violate their statutory duties (Kane v. Walsh, 295 N. Y. 198, 206) and will follow the procedure set forth for the acquisition and disposal by resale of the real property as provided therefor in section 72-k of the General Municipal Law and also conform to the National Housing Act of 1949, as amended. In this connection reference must be had to the affidavit of the chairman of the Committee on Slum Clearance submitted in support of the motion detailing what has been accomplished as of now and what is still sought and necessary in order to bring the project out of the realm of a dream into the world of reality. The statements of the chairman by reason of the various offices he has held and his experience as a consultant and planner of urban development together with the views of some well-known authorities on neighborhood planning indicate that no community plan of the size intended would be complete without taking into consideration occupancy by churches and schools. This has been recognized as an integral part of well-planned community projects as can be understood from references thereto found in the manual of policies established for use of local public agencies which may seek Federal assistance in carrying out their programs. It seems that no valid objection can be made to the inclusion of schools and churches in the proposed development provided such institutions intend to become part of the project or community at their own expense without gift or subsidy of public funds. That Fordham University and St. Matthew’s Church may ultimately become purchasers of the portion of the property sought by them at a price below that at which it was acquired originally for the purposes of redevelopment, is a possibility but not necessarily so and would not constitute a deviation from a public purpose nor a gift of public funds. If the public good is enhanced it is only secondary that private interests may be benefited (Matter of Murray v. La Guardia, 291 N. Y. 320). To assist the defendants in determining whether the project can be carried to a successful completion Fordham University and St. Matthew’s Church have indicated a willingness on their part to bid on portions of the hind required for their purpose. Such indications are not *65 binding on the defendants nor any other persons or corporations interested in the project. Sponsorship contracts are yet to be drawn and executed and even these contracts have no force and effect to exclude prospective purchasers from becoming successful bidders at the required auction sale for the resale of the land. Plaintiffs allege that certain illegal expenditures have been made and incurred in preparation for carrying out the proposed plan. Such expenditures must be considered incidental to and necessary in connection with the proposed acquisition of the slum area and its redevelopment by the defendants in the exercise of legislative power.
After a careful review of the record one fact stands out very clearly as indicated by the defendants and that is that no final plans have been prepared and approved by Federal and city agencies, no public hearing had, no sponsorship contracts approved and no acquisition of the property authorized, all of which are contemplated by the defendants to conform to all applicable statutes. It thus becomes apparent that plans for the development of the project are still in the initial stage and no definite steps taken by the Board of Estimate before which body duly authorized to act the matter is still pending. Until such time as the Board of Estimate takes final action it seems to me that the within action is premature.
Motion granted.