Benjamin Brenner, J.
Plaintiff commenced this action to compel specific performance by the defendants of the terms of an alleged joint and mutual last will and testament and to impress a trust on the property of the estates of Raffaele and Vincenzina Lagaipo, and now moves for an injunction pendente lite to enjoin the defendants from transferring, selling, converting or disposing of said property pending the final determination of the action. It is plaintiff’s claim that the joint and mutual will of said decedents constitutes an agreement made for his benefit and which, if established, will entitle him to the proceeds of all the assets comprising the estate of Raffaele Lagaipo; that a second will of the decedent later executed and admitted to probate, attempting to revoke the provisions of the joint will is not binding; that the executor and beneficiary named in the second testament will be required to specifically perform the terms of the joint will and hold the property of the estate in trust for plaintiff. The plaintiff may, of course, ultimately establish his right to the creation of a trust in his behalf and to a specific performance of the terms of the alleged joint and mutual will (Tutunjian v. Vetzigian, 299 N. Y. 315; Olsen v. Olsen, 189 Misc. 1046). He has, however, failed to submit adequate and positive evidentiary facts warranting the drastic remedy of a temporary injunction. His conclusory statements merely indicate fear that the defendants will dispose of the assets, overlooking the fact that the defendant Gaglio is acting as a fiduciary under the authority of the Surrogate’s Court, and thus obliged to conform to its requirements in administering the estate for the benefit of creditors and claimants. He may be unaware, too, that distribution cannot be made until the passage of seven months and the filing of the executor’s account subject to the , decree of the court. An injunction pendente lite is thus unavailable here since the moving papers do not establish that some act is being done, threatened and imminent, which will be destructive of plaintiff’s rights or cause actual material and irreparable injury (People v. Canal Bd., 55 N. Y. 390; Kane v. Walsh, 295 N. Y. 198, 205). Motion for an injunction pendent lite is denied on condition that defendants serve their answers within five days following the entry of an order herein, whereupon plaintiff may place the cause on the Trial Calendar at Special Term, Part III, for the next available term and the action then tried, subject to the approval of the justice presiding.
Settle order.