William C. Hecht, Jr., J.
This is an application, by Patrolmen’s Benevolent Association and others, to compel the Police Commissioner of the City of New York to approve the procurement and publishing of advertisements in “ The Finest ” (a bimonthly journal published by the association), on certain conditions suggested by it. In addition, petitioners seek to enjoin the Commissioner from interfering with the procurement and publication of advertisements in “ The Finest ” and from taking disciplinary action against any member of the Police Department by reason thereof, provided that the suggested conditions are complied with.
On or about July 15,1959, respondent, as Police Commissioner, promulgated General Order No. 25, which amended the Rules *64 and Procedures of the Police Department by adding a paragraph which prohibits any member of the department from soliciting, accepting or publishing advertisements or receiving funds in connection therewith, in connection with public items of any police line organization, without the approval of the Commissioner. The press release issued by the Commissioner at the time of the amendment of the rules, stated that “It certainly is not conducive to a suitable climate for law enforcement to have police officers or public fund-raisers in their behalf soliciting contributions from store-keepers, commercial enterprises, or other members of the public, for journals of organizations affiliated with the Police Department. Experience has demonstrated that such a practice inevitably leads to a suspicion, whether justified or not, of corruption, intimidation, or expectation of favor."
In September, 1959 the Patrolmen’s Benevolent Association requested the Commissioner’s approval of the acceptance of advertisements for its journal, “ The Finest”, on certain' conditions, namely (1) that the solicitation of advertisements be conducted only by its public relations counsel or by other civilians, (2) that each prospective advertiser sign a sworn statement that he was not solicited by a patrolman and that the advertiser does not expect any favor or benefit from any patrolman and will not request such a favor, (3) that no single advertisement costing over $300 will be accepted, (4) that the advertising rates will be comparable to those of similar publications, and (5) that advertisements will be accepted only from merchants engaged in the business of retailing commodities or services and from manufacturers of brand named articles, who seek, by such advertisements, to promote the purchase and consumption of such articles. An additional condition suggested was that the total amount of advertising revenue for any single eight-page issue of 11 The Finest ’ ’ would not exceed $2,500, the approximate cost of publication of such issue.
The Commissioner having failed to give his approval on the conditions proposed, this proceeding was instituted.
It is important to note that the order of the Police Commissioner relates only to acts of members of the force in either soliciting, accepting or publishing advertisements or receiving funds in connection therewith. Subdivision a of section 434 of the Charter of the City of New York gives the Commissioner control of the administration and discipline of the Police Department. In Matter of Going v. Kennedy (5 A D 2d 173,182), the court recognized 1 ‘ that the police department is a quasi-military organization", In McQuillin, Municipal Corpora *65 tions (vol. 16, p. 524), it is stated that “ The authority to establish a police force would be futile if it did not carry with it, at least by implication, the authority to enact reasonable rules for the effective administration of the force and to compel obedience to them by reasonable means.” In Kane v. Walsh (295 N. Y. 198) our Court of Appeals recognized, as petitioners’ brief admits, the right of a Fire Commissioner to regulate the conduct of firemen by reasonable regulations.
There can be no doubt that the Police Commissioner had the right to prohibit members of the police force from directly or indirectly soliciting advertisements from members of the public, for a magazine published by their' association, without his approval. Such conduct is likely, in many instances, to result in the granting of improper favors in return for the placing of the advertisements, and even where it does not, is apt to create the impression in the minds of those solicited that the placing of advertisements will entitle them to expect favors and that refusal to pay for the advertisements might produce a contrary result. Such a situation is obviously very harmful to the proper functioning of the police force and to the good repute which it must enjoy in order to obtain compliance with the law.
The conditions proposed by the Patrolmen’s Benevolent Association do not eliminate the evils at which Order No. 25 was directed. It is immaterial whether the actual solicitation is by a patrolman or by a civilian. In either case, the revenue is received by the members of the police force for the magazine published by them. The original press release recognized this, for it condemned solicitation by police officers or “ public fundraisers in their behalf ’ ’.
As to the sworn statement to be obtained from advertisers, one must be naive indeed to believe that this proposal would be of any practical value. None of the other proposed conditions has any appreciable prospect of eliminating the evil at which Order No. 25 was directed. In the court’s opinion, the failure of the Commissioner to give his approval may not be held unreasonable, arbitrary or capricious. The fact that the Commissioner failed to specify why he refused approval is of no importance. Nor may petitioners compel the Commissioner to state under what conditions, if any, he would grant approval. The cases cited by petitioners are clearly distinguishable. In Grosjean v. American Press Co. (297 U. S. 233) the tax was directed at the freedom of the press. As chief Judge Conway, writing for the court, in Matter of Steinbeck v. Gerosa (4 N Y 2d 302, 312) said: “ 1 “ the press was singled *66 out ” ’ ”. In the other cases relied upon by petitioners, it was held that statutes requiring licenses for the distribution of religious tracts were invalid because they interfered with the exercise of constitutional rights.
General Order No. 25 does not prohibit members of the police force from publishing a magazine. It merely prohibits them, in the public interest, from soliciting or obtaining advertising revenue from members of the public whom the police force is under a duty to protect. The constitutional guarantee of freedom of the press is not violated by a restriction aimed, not at preventing the publication of the magazine, but only at the abuses and corruption associated with solicitation of funds for the benefit of the police from the public.
Only to the extent that the restrictions are unreasonable could they be held to infringe upon freedom of the press or free speech. As previously observed, there is no showing that Order No. 25 is unreasonable or that the Commissioner’s refusal of approval is unreasonable. The motion is denied.