122 So.2d 1 (1960)
STATE of Florida, Appellant,
v.
Charles B. STULER, Appellee.
Supreme Court of Florida.
July 13, 1960.
Richard W. Ervin, Atty. Gen., George R. Georgieff and Leonard R. Mellon, Asst. Attys. Gen., for appellant.
Finch, Mosley & Ware, Clearwater, for appellee.
THORNAL, Justice.
By appeal the State of Florida seeks reversal of an order of the trial judge sustaining a motion to quash an information charging appellee Stuler with a violation of Section 104.31, Florida Statutes, F.S.A.
Our conclusion must turn on the constitutionality of a part of the above-cited statute.
*2 The pertinent part of Section 104.31, Florida Statutes, F.S.A., provides:
"Political activities of state, county and municipal officers and employees.
"(1) No officer or employee of the state, or of any county or municipality thereof, except as hereinafter exempted from provisions hereof, shall
* * * * * *
"(b) directly or indirectly coerce or attempt to coerce, command or advise any other officer or employee to pay, lend or contribute any part of his salary or anything else of value to any party, committee, organization, agency or person for political purposes, * *." (Emphasis supplied.)
The information charged that Stuler:
"* * * did while in the capacity of an employee of the County of Pinellas, during the first primary campaign of 1958 in said county, advise the employees of the Pinellas County Sanitary Fill, said employees also being county employees, to pay or contribute part of their salary to the campaign fund of * * * candidates in said primary campaign in 1958, contrary to the provisions of Section 104.31, Florida Statutes, 1957."
Stuler pleaded not guilty and moved to quash the information. He contended that to the extent that the statute purports to make it unlawful merely to "advise" another employee to make a political contribution it constitutes an unconstitutional infringement of freedom of speech and a violation of Section 15, of the Declaration of Rights of the Florida Constitution, F.S.A., which provides in part that:
"The people shall have the right to assemble together to consult for the common good * * *."
The trial judge sustained the motion to quash. He held that if the word "advise" appearing in the statute were applied in isolation from the preceding words, "coerce or to attempt to coerce, command * * *" then the statute would, in his view, constitute an unlawful abridgment of the right of free speech. The judge, however, took the view that the words "coerce" and "command" colored the word "advise" by an application of the rule of ejusdem generis. Actually, he applied the doctrine of noscitur a sociis. In other words, he held that for the statute to be constitutional the word "advise" must necessarily be construed to comprehend coercive or commanding advice. Inasmuch as the information failed to allege these additional elements the judge sustained the motion to quash. We now are requested to reverse this holding.
The appellant contends that the statute is constitutional regardless of the coercive element in the giving of advice by one public employee to the other.
Appellee contends that the trial judge merely held that the information failed to allege a crime under any "valid law."
We must decide whether a public employee who merely advises a fellow public employee to make a political contribution can be legally prosecuted under the statute in the absence of an element of coercion or command. In approaching our discussion we should bear in mind that we are dealing with public employees. The privilege of working for the public is not an absolute right. It can be made subject to such reasonable restrictions and regulations as the Legislature under the Constitution may prescribe.
The trial judge correctly had the view that it was his duty to uphold the statute if at all possible. However, we think he committed error in undertaking to apply certain rules of construction to a statute which is clear on its face and, therefore, speaks for itself without the necessity of invoking aids to construction or interpretation.
*3 The obvious objective to be accomplished by statutes of the type under consideration is to preserve the political purity of public employment and to protect public employees against harassment and political annoyances as conditions to holding their jobs. Likewise public employees are thereby shielded against pressures or annoying solicitations for political contributions in order to curry favor with some elected official charged with the supervision of the particular employees. See also Chapter 110, Florida Statutes, F.S.A., and particularly Section 110.13 thereof.
Legislation of this nature is not novel and it has been consistently upheld against assaults on its constitutionality. Cf. United Public Workers etc. v. Mitchell, 330 U.S. 75, 67 S.Ct. 556, 91 L.Ed. 754, note p. 787; Kane v. Walsh, 295 N.Y. 198, 66 N.E.2d 53, 163 A.L.R. 1351, annotation at page 1363.
An early decision of the Supreme Court of the United States, Ex parte Curtis, 1882, 106 U.S. 371, 1 S.Ct. 381, 382, 27 L.Ed. 232, announced the justification for this type of legislation and clearly delineated its purposes. Ex parte Curtis, supra, dealt with a Federal statute which prohibited certain employees of the United States "from requesting, giving to, or receiving from, any other officer or employee of the government any money or property or other thing of value for political purposes * * *." The statute was upheld against the contention that it impinged upon freedom of speech and the right of the employee to assert an uninfluenced voting privilege. A thorough discussion of such legislation, as well as the justification therefor, will be found in Kaplan's, The Law of Civil Service, Chapter 12. It is there pointed out that these statutes are justified in order to maintain "reasonable neutrality of public employees", to prevent public employees from engaging in "pernicious political activities inimical to the public interest and to protect the public itself from the impositions of political organizations which might be tempted to coerce political action of public employees" with suggestions of political reprisals which often lead to the demoralization of the public service. In Ex parte Curtis, supra, a mere "request" for a contribution by a fellow employee was legally prohibited. The element of coercion or compulsion was not required.
Section 104.31, Florida Statutes, F.S.A., supra, like most of the statutes on this subject does not preclude public employees from exercising complete freedom of choice at the ballot box. It specifically authorizes them "to express their opinions on all political subjects and candidates." The public employees are merely prohibited while in the public employ from doing certain specific things which the Legislature has properly concluded are opposed to the best interests of the public service.
By the cited statute the Legislature has proscribed the giving of advice by one public employee to another in connection with political contributions. In so doing the Legislature acted within the orbit of its constitutional powers. Having decided that the very act of advising by one employee to another in connection with political contributions is detrimental to the public service, such act can be prohibited and the commission thereof can be penalized. The statute is clear, the word "advise" is separated from the other words by the disjunctive "or" and to this extent coercion is not an essential aspect of the offense of advising that the proscribed contribution be made.
We, therefore, have the view that the trial judge committed error when he concluded that the statute would be unconstitutional absent the coercive element in the offense of advising that political contributions be made. The statute is constitutional as written and the information from which we have quoted in the fore part of this opinion adequately describes an offense condemned by the subject act.
*4 The judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.
Reversed.
THOMAS, C.J., and TERRELL, DREW and O'CONNELL, JJ., concur.
HOBSON, J., concurs in the conclusion and judgment.
ROBERTS, J., heard the argument but did not participate in the decision.