BEATRICE FLACK, Plaintiff, *v.* SHELTER HARBOR ASSOCIATION, INC., Defendant.

Supreme Court, Special Term, Nassau County, May 24, 1962.

*Munley & Meade* (*John H. Munley* of counsel), for plaintiff. *Schiffmacher & Rochford* (*Jules Martin* of counsel), for defendant.

MARIO PITTONI, J. Plaintiff moves for a temporary injunction to restrain the defendant from using certain floats and piles maintained by the defendant for mooring purposes in Manhasset Bay.

Plaintiff contends that the defendant, in the Spring of 1961, constructed these floats and piles and that they interfere with the use of her premises for yachting purposes. However, an examination of the charts, drawings and photographs show more than sufficient open water area for a great deal of pleasant and healthful yachting right up to her very house property.

First, the plaintiff has unduly delayed her application for a temporary injunction until the defendant's season is about to begin.

Second, it is clearly in bona fide dispute whether the plaintiff owns the area in issue. This must be determined at a trial.

Third, assuming that the plaintiff does own the area in issue, the defendant's intrusion is small and insignificant. *De minimis non curat lex.*

Fourth, a temporary injunction herein would tend to grant the plaintiff the same relief that she seeks in the action, to the gross detriment to the defendant. Such drastic relief should be granted very sparingly and only when urgent necessity, such as imminent, irreparable damage to the applicant has been shown. No such impending irreparable damage to the plaintiff has been shown. (*Kane* v. *Walsh,* 295 N. Y. 198, 205.)

In *De Candido* v. *Young Stars* (10 A D 2d 922) the court said: "A temporary injunction should not be granted unless the plaintiff shows a clear legal right thereto and, in addition, shows that he would be irreparably damaged if an injunction were not granted before trial."

The motion for a temporary injunction must be and is denied.