■ RHONDA GREEN, Respondent, v. JIMMIE L. GREEN, Appellant.— Order of the Family Court, entered on February 25, 1970, denying respondent-appellant's motion to vacate an order of sequestration, granting petitioner's motion to modify upward a prior order for child support, fix arrears, for security and other related relief, unanimously modified on the law, on the facts and in the exercise of discretion, to the extent of reducing support payments to $25 per week, reducing security to $25 per week for a period of three years, reducing arrears by the sum of $360 and otherwise affirmed, without costs and without disbursements. On the showing made we find that the amounts above set forth are in accord with the proof. The reduction in arrears is based upon the fact that petitioner received four allotment checks while appellant was in the U. S. Army. By virtue of those payments appellant is entitled to a credit towards child support for a period of 18 weeks at $20 per week. Concur — Eager, J. P., Capozzoli, McGivern and Nunez, JJ.

■ PROFESSIONAL HEALTH SERVICES, INC., et al., Respondents, v. CITY OF NEW YORK, Appellant. RUGBY FUNDING, LTD., Respondent, v. CITY OF NEW YORK, Appellant. RUGBY FUNDING, LTD., Respondent, v. CITY OF NEW YORK, Appellant.— Order, entered on February 17, 1970, disposing of motions by plaintiffs and cross motion by defendant, unanimously reversed on the law, to the extent appealed from, with $50 costs and disbursements to the appellant, and the complaint dismissed, with leave to plaintiffs to apply at Special Term for permission to replead. (Cushman & Wakefield v. John David, Inc., 23 A D 2d 827, 25 A D 2d 133.) The present, abbreviated complaint is legally insufficient in that it " does not comply with the minimal requirement of CPLR that the statements in a complaint must be ' sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action or defense' (CPLR 3013). There is a failure to state the essential facts constituting the material elements of any cause of action ". (Menon v. Kennedy, 24 A D 2d 849.) Concur — Eager, J. P., Capozzoli, McGivern and Nunez, JJ.

■ S. J. CAPELIN ASSOCIATES, INC., Respondent, v. GLOBE MANUFACTURING CORPORATION, Appellant.— Order entered on February 26, 1970, granting plaintiff's motion for a temporary injunction and denying its cross motion to dismiss the complaint, unanimously modified on the law and on the facts, and in the exercise of discretion, to the extent of vacating the temporary injunction, and, as so modified, affirmed, without costs and without disbursements. The order entered on April 1, 1970, denying reargument or rehearing is unanimously affirmed, without costs and without disbursements. The defendant if so advised may set up lack of jurisdiction by way of defense in its answer. On this record, the plaintiff has not shown a clear right to the relief granted (Park Terrace Caterers v. McDonough, 9 A D 2d 113), nor has there been established a factual demonstration of irreparable injury (Kane v. Walsh, 295 N. Y. 198, 205, 206). Concur — Stevens, P. J., Eager, Capozzoli, Nunez and McNally, JJ.