ORFINGER, Judge.
Bewick appeals his felony conviction on two counts of driving while intoxicated (D.W.I.) causing serious bodily injury, section 316.1931, Florida Statutes (Supp. 1984),[1] and the sentence of imprisonment resulting from those convictions. He moved to dismiss the information on the ground that he could only be convicted of felony D.W.I. under subparagraph (2)(b)3 if his previous drunk driving conviction involved damage to the person or property of another. He admitted a previous D.W.I. conviction without injury or damage. When his motion to dismiss was denied, he entered a plea of nolo contendere, reserving his right to appeal the denial of that motion. We affirm.
Where language of a statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resort to the rules of statutory construction or interpretation. The statute must be given its plain and obvious meaning. State v. Stuler, 122 So.2d 1 (Fla.1960). Here the legislature has clearly expressed its intent to punish a second drunk driving conviction more severely where the second incident involves damage to the person or property of another, even if the first one did not.
Subsection (1) of section 316.1931 makes it unlawful for a person to drive, operate or be in control of a vehicle when under the influence of alcoholic beverages or certain drugs to the extent that such person has been deprived of full possession of his or her faculties. It thus describes the prohibited conduct. This subsection also provides that a previous conviction for violation un *74 der section 316.193 or former section 316.-028 shall be considered a previous conviction for violation of subsection (1). Thus, a person violates subsection (1) who has previously been convicted of any drunk driving offense.
Subsection (2) says that any person who is convicted of driving while intoxicated and who by reason of the operation of the vehicle causes serious bodily injury to another, and who has previously been convicted of violating subsection (1) (and thus any drunk driving offense) is guilty of a felony of the third degree. This is clearly what the statute says and what it means.
The trial court read the statute correctly and properly denied the motion to dismiss.
AFFIRMED.
DAUKSCH and COBB, JJ., concur.

.Section 316.1931, Florida Statutes (Supp.1984) provides:
(1) It is unlawful for any person, while in an intoxicated condition or under the influence of alcoholic beverages, any chemical substance set forth in s. 877.111, or any substance controlled under chapter 893 to such extent as to deprive him of full possession of his normal faculties, to drive, be in actual physical control of, or operate within this state any automobile, truck, motorcycle, or other vehicle. Except as provided in subsection (2), any person convicted of a violation of this section shall be punished as provided in s. 316.193. For the purposes of this subsection, a previous conviction under s. 316.193 or former s. 316.028, or a previous conviction for any substantially similar alcohol-related or drug-related traffic offense outside this state, shall also be considered a previous conviction for violation of this subsection.
(2)(a) Any person in violation of subsection (1) who by reason of such operation of a vehicle causes damage to the property or person of another, other than as provided in paragraph (b) or paragraph (c), is guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083, but the penalty imposed for a violation of this paragraph shall be not less than the penalty provided under s. 316.193.
(b) Any person in violation of subsection (1) who by reason of such operation of a vehicle causes serious bodily injury to another, as defined in s. 316.1933, and who at the time of the offense:
1. Had a suspended or revoked driver’s license;
2. Was a habitual traffic offender as defined in s. 322.264; or
3. Had been previously convicted of a violation of this subsection, is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
(c) If the death of any human being is caused by the operation of a motor vehicle by any person while so intoxicated, such person shall be deemed guilty of manslaughter and on conviction shall be punished as provided by existing law relating to manslaughter.
(3)A conviction under the provisions of this section shall not be a bar to any civil suit for damages against the person so convicted.