PER CURIAM.
The State appeals from an order granting the defendant’s motion to dismiss charges of driving while intoxicated in violation of section 316.1931(2)(b), Florida Statutes (1985). We affirm.
Under section 316.1931(2)(b) an individual may be charged with a felony for operating a vehicle while intoxicated and causing serious bodily injury to another if any one of three conditions is met; the offender: “1. Had a suspended or revoked driver’s license; 2. Was a habitual traffic offender as defined in § 322.264; or 3. Had been previously convicted of a violation of this subsection.” § 316.1931(2)(b), Fla.Stat. (1985).
The undisputed evidence established that at the time of the offense, the defendant’s driver’s license was neither suspended nor revoked, that she was not a habitual traffic offender as defined in section 322.264, and that although the defendant had a prior conviction for driving while intoxicated, she had not been previously convicted of any of the DWI offenses proscribed under subsection (2).
The defendant made a motion to dismiss the charges arguing that the clear and express language of subsection (2), paragraph (b)3 requires a previous conviction “of a violation of this subsection” and that while Locke had a prior non-felony DWI conviction she had no prior felony conviction under section 316.1913(2)(b). The trial court granted the motion, ruling:
Upon review of the clear language used in the statute in question 316.1931 is clearly divided into two subsections. Although it is argued by the State that it was the legislative intent that the subsections be interconnected, it is clearly not the language used by the legislature and the Court cannot make such a presumption. Based on Florida Statute 775.021,[1] in strictly construing that statute, it is the clear statement of the legislature to punish individuals for the offense of felony DUI pursuant to 316.1931(2)(b)3 only if there has been a previous violation of subsection (2).
We think the trial court’s interpretation of the statute is correct.[2] Any other construction effectuates a rewriting of the statute.
The dismissal is affirmed.

. 775.021 Rules of construction.—
(1) The provisions of this code and offenses defined by other statutes shall be strictly construed; when the language is susceptible of differing constructions it shall be construed most favorably to the accused.
(2) The provisions of this chapter are applicable to offenses defined by other statutes, unless the code otherwise provides.

. We acknowledge that our holding conflicts with Bewick v. State, 501 So.2d 72 (Fla. 5th DCA 1987).