Ms. Lynn M. Dannheisser Sunny Isles Beach City Attorney 17070 Collins Avenue, Suite 250 Sunny Isles Beach, Florida 33160
Dear Ms. Dannheisser:
You ask substantially the following question:
Does section 110.233(4), Florida Statutes, prohibit a career service employee from receiving a salary as a city commissioner when the employee received approval to hold local public office?
In sum:
Section 110.233(4), Florida Statutes, does not prohibit a career service employee from receiving a salary as a city commissioner when the employee received approval to hold local public office as prescribed by section 110.233, Florida Statutes.
According to your letter, one of the City of Sunny Isles Beach city commissioners is currently employed in a career service position with the Florida Department of Transportation. Prior to running for city commissioner, the individual in question received permission from the Department of Transportation and the Department of Management Services to run for the Sunny Isles Beach city commission seat that he currently holds.[1] At the time, commission members were not compensated; however, the city commission is now considering a plan that would compensate its members for their service. The question has arisen whether the commissioner may receive a salary as city commissioner while still employed by the state.[2]
It has long been recognized that the Legislature may have a greater interest in regulating the political activities of state employees than it would in regulating the political activities of the general public.[3] Section 110.233, Florida Statutes, does not prevent a career service employee from actively campaigning, subject to certain restrictions.[4] Section 110.233(4)(a), however, does expressly prohibit a career service employee from holding, or being a candidate for, public office while a state employee. The subsection does not limit this prohibition to those hours or periods of time in which the employee is considered to be "on-duty." The only exception to this restriction is contained in the second sentence of the subsection, which states that a career service employee may be a candidate for or hold a local public office if authorized by his agency head and approved by the Department of Management Services as involving no interest or activity that conflicts or interferes with his state employment.[5]
Thus, while career service employees are prohibited from holding or being a candidate for a state public office while in the employment of the state, they may be candidates for or hold local public office when authorized by their agency head and approved by the Department of Management Services as involving no interest that conflicts or activity that interferes with their state employment. Nothing in section 110.233, Florida Statutes, however, prohibits a career service employee who has received the proper authorization to run for or hold local public office from receiving a salary, and this office cannot read such a limitation or restriction into the statute.[6] Had the Legislature sought to impose such a restriction, it clearly could have stated such intent.
Accordingly, I am of the opinion that section 110.233(4), Florida Statutes, does not prohibit a career service employee from receiving a salary as a city commissioner when the employee received approval to hold local public office as prescribed by section 110.233, Florida Statutes.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, letter from James Whitehead for David Ferguson, Personnel Resource Management Officer, Department of Transportation (DOT) to Secretary William H. Lindner, Department of Management Services (DMS), dated May 12, 1997, stating that the employee's request to be a candidate for the city commission of Sunny Isle Beach had been approved and requesting DMS' approval; and Letter from Don Mills, Deputy Secretary, DMS, to Secretary Ben Watts, DOT, dated May 19, 1997, approving the request.
[2] You also question whether the payment of a salary to the commissioner would violate section 112.313, Florida Statutes, of the Code of Ethics for Public Officers and Employees. Inquiries regarding the application of the code of ethics should be directed to the Florida Commission on Ethics rather than to this office. The commission has been authorized by the Legislature to investigate complaints of code violations and to issue advisory opinions regarding the applicability of the code to a given situation. See, s. 112.322, Fla. Stat.
[3] See generally, Ex Parte Curtis, 106 U.S. 371 (1882); Statev. Stuler, 122 So.2d 1, 3 (Fla. 1960); and Op. Att'y Gen. Fla. 72-62 (1972).
[4] Such activities must take place at a time when the employee is not on duty or expected to perform services for the state for which he or she is being compensated and the employee does not use his her position to secure support for, or oppose, a candidate, party, or issue or affect the results thereof or use any promise of reward or threat of loss to encourage or coerce any employee to support or contribute to a political issue, candidate, or party.
[5] See, s. 110.233(4), Fla. Stat., which provides that while a career service employee retains all rights and obligations of citizenship provided in the Constitution and laws of the state and the Constitution and laws of the United States, no employee in the career service shall:
"(a) Hold, or be a candidate for, public office while in the employment of the state or take any active part in a political campaign while on duty or within any period of time during which the employee is expected to perform services for which he or she receives compensation from the state. However, when authorized by his or her agency head and approved by the Department of Management Services as involving no interest which conflicts or activity which interferes with his or her state employment, an employee in the career service may be a candidate for or hold local public office. The Department of Management Services shall prepare and make available to all affected personnel who make such request a definite set of rules and procedures consistent with the provisions herein."
And see, Department of Management Services Rule 7\60K-13, Fla. Admin. Code, regarding requests for approval for an employee in the career service to be a candidate for local public office.
[6] Cf., Holly v. Auld, 450 So.2d 217 (Fla. 1984) (courts are without power to construe unambiguous statute in a way which would extend, modify or limit its express terms or its reasonable and obvious implications).