Edgar J. Nathan, Jr., J.
Petitioner, an attorney, brings this proceeding on behalf of himself and several individuals under the age of 21 confined pending trial in the Bronx House of Detention, to restrain respondent, commissioner of correction, from transferring the prisoners to the Brooklyn House of Detention.
Pursuant to an order issued by respondent on or about April 12, 1957, the Brooklyn House of Detention was designated as the central departmental remand shelter for the confinement of adolescents between 16 and 21 years of age pending the disposition of criminal charges against them. Since the issuance of the directive and before the argument of this motion, the three youths whose affidavits are annexed to the petition have been transferred along with others under the age of 21 to the departmental remand shelter in Brooklyn.
*258 Petitioner claims that the transfer of the prisoners to Brooklyn interferes with their constitutional rights to confer with counsel and that respondent has no legal power to transfer prisoners detained in the Bronx House of Detention pending trial of charges until after conviction and sentence.
Although there may be technical objections to the bringing of this proceeding, the court is disposed to consider the merits.
The court finds the commissioner of correction has full power to transfer adolescents from the Bronx County House of Detention to the Brooklyn House of Detention. Subdivision 5 of section 623 of the New York City Charter gives the commissioner of correction all authority with respect to the custody and transportation of persons held in criminal proceedings in any county within the city of New York. Section 623(l)-4.0 of the Administrative Code of the City of New York empowers the commissioner to transfer prisoners from any prison under her control to any other prison or correctional institution, under the jurisdiction of the Department of Correction. Section 214 of the Code of Criminal Procedure prescribes the form of commitment for use in all courts. Section 193 of that code prescribes the same form of commitment when commitment is made for examination. Under these sections, persons committed for examination, for the action of the Grand Jury or held for trial in any court in the city of New York, are committed to the custody of the commissioner of correction. Section 171 of the New York City Criminal Courts Act provides for the separation of youthful offenders from older and more hardened offenders pending trial and section 623(4)-2.0 of the Administrative Code provides for instruction. Section 60 of the Correction Law of this State creates a reception center in the State Department of Correction “ for * * * classification and program-planning * * * of certain male persons between the ages of sixteen and twenty-one years. ’ ’
These statutes and provisions of law (and there are others) clearly indicate a State and city policy with respect to the treatment of prisoners, and more particularly with respect to the treatment of youthful offenders. It is an enlightened policy and the commissioner of correction is endeavoring to implement it. (See, also, Administrative Code, § 623(4)-1.0.)
The court further finds that the exercise of her authority to transfer adolescents does not violate the constitutional rights either of the adolescents or their attorneys. Adequate visitation rights have been provided, and whatever inconvenience may be caused to defendant or their counsel is not sufficient to condemn the procedure. Better quarters are provided and special fácil- *259 ities are made available to the adolescent defendants for their care, recreation and guidance. They are segregated from the corrupting and depressing surroundings of a common jail.
As heretofore indicated, the exercise of the authority of the commissioner of correction is in keeping with the policy of this State and city in the handling of adolescents charged with violation of the law.
The application is denied and the petition is dismissed.