Edward S. Conway, J.
This is a petition pursuant to article 78 made by an inmate of the Elmira Correctional Facility, Elmira, New York, apparently requesting two forms of relief: 1. compelling the respondent to supply adequate medical care and treatment and, 2. compelling the respondent to cease and desist from subjecting the petitioner to cruel and unusual punishment by denying him a transfer to a correctional institution closer to New York City.
The petitioner alleges that he asked for reading glasses and for replacement of a filling in his tooth and has not received same. Petitioner further urges that his family cannot afford to make the trips to Elmira from New York City to visit him and also that there is a great deal of sickness in the family which prevents them from making such a long trip.
It is the contention of the petitioner that the denial of a transfer to a correctional facility nearer his family is compelling petitioner to suffer cruel and unusual punishment in violation of the 8th Amendment of the United States Constitution.
The Attorney-General, representing the respondent herein in his opposing affidavit submits the statement of Dr. M. Eugene Pittman, a clinical physician at the Elmira Correctional Facility, who states that petitioner’s eyes were checked in July of 1970 and again on March 22, 1971. On each occasion he had 20/20 vision in both eyes. The respondent also incorporates in his opposing papers a statement of two dentists at the Elmira Facility which attests to the fact that petitioner has received adequate and proper dental care.
In the absence of a showing of abuse of discretion or cruel and inhuman treatment, the medical care and treatment of inmates must be left to the discretion of the officials of the institution for this is a matter concerning the administration of the internal affairs of the prison.
The custody of a State prisoner is in the hands of the Department of Correction of the State, as set forth in section 6-a of the Correction Law. The respondent has the power to transfer a prisoner from one State correctional facility to another. Petitioner has not shown from the facts alleged herein any abuse of that power. (See People v. Collins, 200 N. Y. S. 2d 919.)
The petition is denied on the merits.