**Carlos RIVERA, Petitioner,**

v.

**Walter FOGG, Acting Superintendent of Green Haven Correctional Facility, and Russell G. Oswald, Commissioner of the State Department of Correction, Respondents.**

Civ. No. 1973–265.

United States District Court,
W. D. New York.

Feb. 6, 1974.

Carlos Rivera, pro se.

CURTIN, District Judge.

In response to this court's order of May 30, 1973, respondents have submitted affidavits from Leon J. Vincent, Superintendent of the Green Haven Correctional Facility, and from Harold Smith, then Deputy Superintendent of the Attica Correctional Facility. Attached to those affidavits are copies of disciplinary reports and other memoranda concerning petitioner and the incident at the Green Haven Facility that forms the basis of this petition.

The affidavits state that inmate Modesto Rivera was found seriously stabbed on December 9, 1972 at the Green Haven Facility. Inmate Modesto Rivera was injured seriously enough to be transferred immediately from the institutional hospital to the intensive care unit at St. Francis Hospital.

Subsequent investigation by correctional officials led them to believe that petitioner was involved in the stabbing. As a result of this belief, petitioner was placed in protective custody on December 11, 1972 pending an investigation by the District Attorney's office. No hearing was held at that time. Superintendent Vincent's affidavit states such a

hearing may have prejudiced any action being contemplated by the District Attorney. On February 5, 1973, the District Attorney's office notified the Correctional Facility that, because of the uncooperativeness of Modesto Rivera, no criminal action resulting from the attack upon him on December 9, 1972 was planned. On February 5, 1973, therefore, Superintendent's proceedings were commenced against petitioner and, on March 5, 1973, petitioner appeared at a hearing at which time he was released to general population. Attached to the Superintendent's affidavit is a memo from Captain William Zelinski to Superintendent Vincent. The memo details some conversations between Captain Zelinski and Modesto Rivera evidencing some enmity between Modesto Rivera and petitioner. At the conclusion of the memo, Officer Zelinski recommends that one of the two inmates be transferred to a different institution. Petitioner was transferred to Attica at the request of Green Haven on March 14, 1973.

Petitioner has submitted a reply to respondents' answer, attempting to detail contradictions in respondents' answer and pointing up deficiencies in the investigation of the incident of December 9, 1972. Indeed, as petitioner mentions, the victim refused to identify his assailant. Captain Zelinski's memo candidly admits that his opinion that petitioner was responsible for the December 9, 1972 stabbing is largely unsubstantiated. Petitioner's reply does not state that he is not responsible for the stabbing and the reports indicate that there was some reason to believe there was considerable ill will between petitioner and Modesto Rivera.

The affidavit of Superintendent Vincent states that petitioner, while in protective custody, was not deprived of any of the privileges enjoyed by the general population except that he was prevented from mingling with other inmates.

Petitioner disputes this and he details a number of privileges he was denied. Nevertheless, it appears to the court upon a review of all the papers that the thrust of petitioner's special confinement was not punishment but separation from the rest of the population because of a belief that such segregation was essential to the security of the entire institution, as well as petitioner's own protection. Thus the court finds that the action taken by prison officials was within the discretion normally accorded them in the internal administration of prison affairs. *See* Sostre v. McGinnis, 442 F.2d 178, 189 (2d Cir. 1971). Petitioner's application is dismissed.

Permission to appeal in forma pauperis is denied, with the qualification that the Clerk is directed to file a notice of appeal from this decision without the prepayment of the filing fee.

Further requests for permission to appeal in forma pauperis should be directed, on motion, to the United States Court of Appeals for the Second Circuit, Foley Square, New York City, in accordance with the requirements of Rule 24(a) of the Federal Rules of Appellate Procedure.

So ordered.