Sidney Leviss, J.
This is a special proceeding, pursuant to article 78 of the CPLR, to prohibit respondents from transferring petitioners, detainees at the Queens House of Detention for Men, to the Ossining Correctional Facility prior to the time that sentence is imposed upon them. Each petitioner has pleaded guilty to one or more felony charges contained in indictments pending in Supreme Court, and is presently awaiting sentence; each is being detained in lieu of bail. Petitioners have been declared eligible for transfer to Ossining by the Commissioner of the New York City Department of Correction. Petitioners assert that any such transfer would be arbitrary, an abuse of discretion, and beyond the jurisdiction of respondents.
Respondents move for dismissal on the ground that the petition fails to state a cause of action.
Subdivision 2 of section 79 of the Correction Law (L. 1973, ch. 1054) authorizes the leasing of all or part of the Ossining facility to the City of New York to be used as an adjunct to the city correctional institution for the housing of persons detained pending the disposition of criminal charges. It is within the discretion of the Commissioner of the City Department of Cor *234 rection to transfer prisoners from any institution under his control to that portion of the Ossining facility leased in accordance with this provision. (See Administrative Code of City of New York, § 623 [l]-4.0.)
Subdivision 2 of section 79 of the Correction Law was designed to offer the City Department of Correction temporary relief from the expected overcrowding of city detention facilities as a consequence of the new anti-narcotics measures. (See Memorandum of State Executive Department, 2 McKinney’s 1973 Sess. Laws, p. 2301.) It cannot be gainsaid that overcrowding is a primary cause of many of the shortcomings of our penal institutions. The elimination of overcrowding is á legitimate interest of the State and the city, and may well be constitutionally mandated. (Cf. Rhem v. Malcolm, 371 F. Supp. 594.) Transfers made for this purpose are certainly proper, at least as a provisional measure. Any inconvenience that may be caused to prisoners transferred or to their attorneys is of a minor nature, and is not sufficient to condemn the entire procedure. (See Bach v. Kross, 8 Misc 2d 257, affd. 4 A D 2d 1017.)
Furthermore, the designation of detainees who have been convicted and who have been interviewed by a probation investigator, and are awaiting sentence, as among those eligible for transfer, is not arbitrary. Among all the prisoners awaiting final disposition of their cases, these have the least need for ready access to the court, or for constant personal contact with their attorneys. Nor is it likely, in the case of these prisoners, that the court will require their recall on short notice, as it is in the case of prisoners who are awaiting the calling of their cases for trial. Petitioners having failed to show that the action of the commissioner in this regard is unreasonable, "the court will not interfere. (See People ex rel. Brown v. Johnston, 9 N Y 2d 482; Hawthorne v. People, 68 Misc 2d 964; Rivera v. Fogg, 371 F. Supp. 938.)
Petitioners allege that there is no overcrowding at the present time in the Queens House of Detention, but predict that they will be transferred nonetheless with overcrowding as a fraudulent excuse. There is no reason to believe that arbitrary conduct is contemplated by respondents. On the contrary, the presumption is that public officials will discharge their duties honestly, and in accordance with reason and the rules of law. (Kane v. Walsh, 295 N. Y. 198, 206.)
Accordingly, respondents’ motion to dismiss the petition is granted.